H. H. ZIMMERMAN et al., Appellants, v. MARY O'MEARA, Appellee.

No. 41472.

DECEMBER 13, 1932.

REHEARING DENIED MARCH 20, 1933.

E. A. Johnson and C. J. Haas, for appellants.

Don Barnes (of Barnes, Chamberlain, Hanzlik & Thompson), for appellee.

KINDIG, J.—Some time prior to the year 1905, there was platted and laid out, in the city of Cedar Rapids, an addition known as Sampson Heights. This addition contains four blocks described by a stipulation of facts as follows:

"The addition to the city of Cedar Rapids, designated and known as Sampson Heights Addition fronts on First Avenue and Third Avenue, and is intersected by Second Avenue; that First Avenue is 120 feet wide, Second Avenue·is 80 feet wide, and Third Avenue is 80 feet wide; that said addition extends from 17th to 19th streets, and is intersected by 18th street; generally speaking the Avenues run East and West and the streets run North and South; 17th, 18th, and 19th streets are each 80 feet wide; that said addition consists of Blocks 1, 2, 3, and 4; Block 1 consists of Lots 1 to 14, both inclusive; Block 2 consists of Lots 1 to 16, both inclusive; Block 3, 1 to 16, both inclusive; and Block 4, 1 to 20, both inclusive; each of said lots is 60 feet wide, with the exception of Lots 1 and 14 in Block 1, which are 45 feet wide. * * * Each of the lots in Sampson Heights Addition is 140 feet long; and each block is intersected by an alley running East and West, and such alleys are 20 feet wide."

The defendant-appellee Mary O'Meara owns lot 11, in block 3, of Sampson Heights Addition, on which is constructed a single family dwelling house. It is difficult to determine from the record

how long the appellee has owned this property. In any event, she owned it before and at the time the zoning ordinance hereinafter described was adopted by the city of Cedar Rapids.

On July 22, 1926, the city of Cedar Rapids passed a zoning ordinance, in which it classified the Sampson Heights Addition as being within the limits of the A residence district and the A height and area district. Section 55 of the zoning ordinance provides:

"In the 'A' Height and Area District the height of the buildings, the minimum dimensions of yards and setback, and the minimum lot area per family shall be as follows: * * *

"Sec. 62. Lot Area Per Family: Every building hereafter erected or structurally altered which is located in the 'A' Residence District and the 'A' Height and Area District shall provide a lot area of not less than six thousand (6,000) square feet per family."

According to the record, the appellee's lot contains only 8,400 square feet. For a two-family house, there should be a lot of 12,000 square feet.

After the city of Cedar Rapids adopted the aforesaid zoning ordinance, the appellee, in June, 1930, regardless of the foregoing restrictions, made application to the building inspector of that city for permission under the aforesaid ordinance to remodel her single family dwelling house in such a way as to make of it a duplex with two entrances. It was the intention of the appellee to have two families live in the duplex. The appellee's application was for authority to "structurally alter" her single dwelling house, then located on the aforesaid lot, in Sampson Heights addition. See section 62 of the Zoning Ordinance, above quoted. When this application was made to the building inspector, he rejected it. Thereupon the appellee purported to take an appeal to the board of adjustment provided for under the zoning ordinance.

This board, on July 1, 1930, granted the appellee's request by the following resolution:

"Be it Resolved by the Board of Adjustment that the (appellee's) application be granted for the following reasons:

"1.   That the owner and applicant (appellee) is the sole occupant of the dwelling in question.

"2.   That the exterior changes will be slight.

"3.   That other dwellings in the same locality have a larger number of occupants.

"4. That the location is contiguous to a 'B' Residence District.

"5. The refusal of permit would work unnecessary hardship on the applicant (appellee)."

That resolution was passed without any notice to the plaintiff-appellants, who were property owners in Sampson Heights addition. There are, according to the abstract, fifty-five appellants. These appellants did not learn of the appellee's purpose to transform her single dwelling house into a double dwelling until more than 30 days after the aforesaid resolution was adopted by the board of adjustment. Finally, the appellants learned of appellee's intention to thus "structurally alter" her house when she commenced to make the necessary changes on the building. She had spent, according to a stipulation, approximately $300 on the work when the action for an injunction to restrain her from structurally altering the house was commenced by the appellants. Upon the submission of the cause to the district court, that tribunal refused to allow the appellants the relief. Therefore, they appeal.

The appellants seek the injunction on two theories: First, because of a restriction in the deeds for the lots in the Sampson Heights addition; and, second, because of the aforesaid restrictions in the zoning ordinance. We find it unnecessary to discuss the restriction in the deeds, and therefore confine our consideration to the zoning ordinance.

I. Chapter 324 of the 1924 Code provides that municipal corporations, by zoning ordinances, may "regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces." Section 6452. No such regulation or restriction, however, shall become effective "until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a paper of general circulation in such city or town." Section 6455 of the 1924 Code.

According to section 6456 of that Code:

"Such regulations, restrictions, and boundaries may, from time to time, be amended, supplemented, changed, modified, or repealed. * * * The provisions of the previous section [6455, 1924 Code] relative to public hearings and official notice shall apply equally to all changes or amendments."

Section 6457 of this Code provides for a zoning commission, and section 6458 authorizes the appointment of a board of adjustment. This section reads:

"The council shall provide for the appointment of a board of adjustment and in the regulations and restrictions adopted pursuant to the authority of this chapter shall provide that the said board of adjustment may in appropriate cases and subject to appropriate conditions and safeguards make special exceptions to the terms of the ordinances in harmony with its general purpose and intent and in accordance with general or specific rules therein contained and provide that any property owner aggrieved by the action of the council in the adoption of such regulations and restrictions may petition the said board of adjustment direct to modify regulations and restrictions as applied to such property owners."

Following the foregoing sections of the 1924 Code is section 6461, which provides that an appeal may be taken from the decision of an administrative officer to the board of adjustment by any person aggrieved thereby. Then section 6463 of the 1924 Code provides:

"The board of adjustment shall have the following powers: .

"1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this chapter or of any ordinance adopted pursuant thereto.

"2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The foregoing statutes relating to the right of municipalities to zone conforms "with some incidental variations * * * to a standard in force in a number of states." Anderson v. Jester, 206 Iowa 452, 221 N. W. 354, 356. In an attempt to comply with the foregoing statutes, the city of Cedar Rapids, as before stated, adopted the zoning ordinance above referred to. Section 135 of the zoning

ordinance, providing for appeals from administrative officers to the board of adjustment, is practically identical with section 6461 of the 1924 Code. When endeavoring to confer power and authority upon the board of adjustment, as authorized by section 6463 of the 1924 Code, the city of Cedar Rapids provided in its zoning ordinance as follows:

"Sec. 137. In specific cases the Board of Adjustment shall have the following powers:

"Sec. 138. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the building inspector in the enforcement of this ordinance. * * *

"Section 143. (To) vary the application of the setback, side and rear yard regulations in specific cases where this ordinance would impose practical difficulties or unnecessary hardships. * * *

"Sec. 145. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

There is no claim by either party that the ordinances thus adopted by the city of Cedar Rapids do not conform to the authorizing statutes; nor is it claimed by either the appellee or the appellants that the zoning ordinance of Cedar Rapids is unconstitutional. Both the appellants and the appellee argue the case upon the theory that the zoning ordinance of Cedar Rapids is a valid, existing municipal law.

After setting forth the foregoing statutes and ordinances, and making the above preliminary statements, it is now convenient to consider whether the resolution of the board of adjustment is contrary to the ordinances, and therefore illegal and of no effect. As before indicated, section 62 of the ordinance requires that there shall be a lot area of not less than 6,000 square feet per family. The lot in question has an area of only 8,400 square feet. Because two families are to be in the house, there should be a lot area of 12,000 square feet. Consequently, the resolution of the board of adjustment is contrary to, and unauthorized by, the ordinance unless such

board had a right to except the appellee's lot from the terms of the aforesaid ordinance.

It is claimed by the appellee that the board of adjustment had a right to suspend the application of the zoning restriction in her behalf because of sections 138, 143, and 145 of the ordinance, above quoted. These sections thus relied upon by the appellee are based, as before related, on section 6463 of the 1924 Code, previously set forth. When discussing this section of the Code, we said in Anderson v. Jester (206 Iowa 452), supra, reading on pages 459 and 460, 221 N. W. 354, 358:

"The power of the board of adjustment is to vary, to make special exceptions to the application of the zoning and use regulations, not to vary, further than as the incidental effect in the specific case, boundaries or the provisions of the ordinance. Prusik v. Board of Appeal, 262 Mass. 451, 160 N. E. 312. The variance must be reasonable, not arbitrary. It may not under the same circumstances be granted to one and withheld from another. The power is to be used in subordination to the general welfare, and not for the benefit of one who does not bring himself within the terms of the statute. * * * The power may not be arbitrarily exercised and its exercise must be confined strictly within the limitations of the statute. Prusik v. Board of Appeal, 262 Mass. 451, 160 N. E. 312, supra; Bradley v. Board of Zoning Adjustment, 255 Mass. 160, 150 N. E. 892.

"The reservation of this power of variance and adjustment and the delegation thereof to a special board are not unconstitutional. Gorieb v. Fox, 274 U. S. 603, 47 S. Ct. 675, 71 L. Ed. 1228, 53 A. L. R. 1210; Sundeen v. Rogers, 83 N. H. 253, 141 A. 142 [57 A. L. R. 950]; Harden v. City of Raleigh, 192 N. C. 395, 135 S. E. 151.

"If the reasonableness of the classification established by the ordinance or of the exception or variance granted by the board of adjustment is fairly debatable, and not clearly arbitrary, the judgment of the local authorities will not be disturbed by the courts. Zahn v. Board of Public Works, 274 U. S. 325, 326, 47 S. Ct. 594, 71 L. Ed. 1074. * * *

"But the statute does not by language or inference, confer arbitrary power upon the board. On the contrary, it lays down conditions and limitations within which the board must confine itself. The power of the board is to grant such exceptions and variances in specific cases *as will bring them within, not to take or leave them*

*out of the spirit, intent, and general purpose of the ordinance of zoning."* (The italics are ours.)

Of course, the board of adjustment in no case can exceed the power conferred upon it by the zoning ordinance. Under the zoning ordinance, in Cedar Rapids, there is no express power conferred upon the board to except the appellee's property from the operation of section 62 thereof, before mentioned. Section 143 of the ordinance provides that the board, under proper circumstances, may make variations in reference to the setback, side, and rear yard regulations in specific cases. It is provided in section 57 for the rear yard, in section 58 for the side yard, and in section 59 for the setback. But, as before indicated, section 62 refers to the lot area. Assuming, however, without deciding, that section 145 of the ordinance, above referred to, may apply to section 62, above named, yet it is apparent that the board of adjustment in the case at bar nevertheless acted illegally. While it is true that section 145 authorizes the board of adjustment to allow variances from the terms of the ordinance in specific cases, yet such variance must be within the spirit of the ordinance. Sampson Heights addition contains many beautiful and valuable homes. According to the evidence, the alteration of appellee's single dwelling house into a duplex will reduce the value of the other property in the addition. There is nothing in the record to indicate that an unnecessary hardship will be imposed upon appellee if she cannot thus reconstruct her house. If the addition is retained as restricted, the appellee's property accordingly will be worth more. She does not stand in an exceptional position. The argument offered to support the desirability of reconstructing the appellee's house into a duplex will apply equally to any other house in the addition. No exceptional or peculiar circumstances appear which place appellee's property in a different position from the other properties in the addition. Whatever hardship the restriction imposes upon the appellee is likewise inflicted upon the other property owners. In other words, the appellee is restricted in the use of her property by the zoning ordinance, as the other property owners in the district are curtailed by that municipal regulation in the use of their property. Nevertheless the very restriction imposed by the zoning ordinance is a benefit to appellee and the other property owners.

While it is said that there are now two or three apartment

houses in the addition, yet it does not appear exactly when they were constructed. If these other apartment houses were built before the zoning ordinance went into effect, then, by the terms of that ordinance, they were not governed thereby. Regardless of that, however, it does not appear that these other so-called apartment houses are situated in such a way with reference to the appellee's property as to require a variation of the ordinance in her behalf; that is to say, the appellee's property is not affected any differently by the aforesaid apartment houses than is any other property in the district. Furthermore, the appellee suggests that there is another addition in Cedar Rapids near her house in which the building of duplex houses is not restricted. Apparently apartment houses in the other addition above mentioned were permitted when the zoning ordinance was adopted. Many, if not all, of the houses in Sampson Heights addition are near the other addition of which appellee speaks. There is no peculiar circumstance existing because of said other addition, so far as the appellee is concerned. She is in practically the same situation in reference thereto as are many, if not all, of the other property owners in Sampson Heights addition.

It was expressly found by the board of adjustment that the appellee is the sole occupant of the dwelling house in question, and that other dwellings in the same locality have a larger number of occupants. This, however, is no basis under either the ordinance or the statute for permitting the appellee to avoid the regulation concerning the lot area. The purpose of the zoning ordinance is not to so adjust the occupation of the various houses in the district in such a way as to have an equal number in each house. On the other hand, it appears to have been the thought of the city council, in establishing the zone, to make the family the basis for the lot area. Assuming that in the first instance "the proceedings of the board are presumed to be regular" and that it "is presumed to have found the existence of such facts as were necessary to sustain its action" [Anderson v. Jester (206 Iowa 452), supra, local citation 461, 221 N. W. 354. 358], yet under the record in the case at bar it is apparent that there was no basis whatever for the action taken by the board of adjustment. No basis for such action appears either in the specific findings of the board of adjustment, or in the record made in the present case. Such action of the board of adjustment does not preserve the spirit of the zoning ordinance, but rather defeats it. There is no consistency between the action of the board and the

spirit of the zoning ordinance. Obviously the one is antagonistic to the other. According to the statute, it is the theory of the law that the review of the board's action by the court shall be *de novo*. See Anderson v. Jester (206 Iowa 452, 221 N. W. 354), supra. Under all the circumstances, it is apparent that the action of the board of adjustment is arbitrary and without legal right or justification.

Regardless of this, however, it is claimed by the appellee that under the building permit issued to her, she commenced the reconstruction of her single dwelling house, and thereby expended money. Consequently she declares that under the holding in Rehmann v. City of Des Moines, 200 Iowa 286, 204 N. W. 267, 40 A. L. R. 922, the permit now cannot be revoked. The Rehmann case is readily distinguishable from the case at bar. In the Rehmann case, the city itself attempted to revoke the permit after it had been legally granted. Here the property owners, and not the city, are seeking to overcome the permit because it was not legally granted.

Each appellant owned valuable property in the district. This property of each appellant will be injured if the action of the board of adjustment is permitted to stand. That action of the board, however, being arbitrary and without legal authority, cannot stand. Therefore, if an injunction is the proper remedy under the circumstances of this record, the appellee must be restrained from transforming her single residence house into a duplex.

II. But it is said by the appellee that an injunction is not the proper remedy. A remedy in certiorari is provided for the appellants, the appellee declares, by section 149 of the ordinance and section 6466 of the 1924, as well as of the present, Code. Hence, because the appellants did not bring an action in certiorari within thirty days, as required by both the ordinance and the Code, the appellee asserts they have no remedy by injunction. Manifestly, under the record, the appellants did not bring their action within thirty days because they did not learn within that time that the appellee intended to convert her single dwelling house into a duplex. The information that the appellee would thus transform her house came to the appellants after thirty days had passed. No notice of the hearing was served on the appellants. Whether the ordinance is void because it does not provide for such notice, we do not now decide or suggest.

When, after the thirty days had passed, as before said, the appellants asked the board of adjustment for relief, that body refused

the same because the thirty-day limitation named in the ordinance and statute had run. So, at the time the appellants learned of the appellee's intention to reconstruct her house, the remedy provided in the ordinance and Code was no longer available to them. Therefore, they commenced the proceeding in equity to enjoin.

Even if, as claimed by the appellee, an injunction proceeding is not the proper one, nevertheless no motion was made by her to transfer this injunction proceeding into the alleged proper proceeding, to wit, certiorari under the general (Code 1931, section 12456 et seq.), or the aforesaid special, statute as provided by section 10944 of the 1931 Code. At this point, read Hoover v. Iowa State Highway Commission, 207 Iowa 56 (local citation 65), 222 N. W. 438. As in an injunction case, the proceeding authorized by statute is to be tried de novo. Anderson v. Jester (206 Iowa 452, 221 N. W. 354), supra. Moreover, the action of the adjustment board was without legal authority and in violation of both the city ordinance and the statute. Accordingly, under all the circumstances, an injunction will lie to restrain the appellee from converting her single dwelling house into a duplex. See Hoover v. Iowa State Highway Commission (207 Iowa 56, 222 N. W. 438), supra.

Wherefore, the judgment of the district court must be, and hereby is, reversed.—Reversed.

STEVENS, C. J., and EVANS, MITCHELL, DE GRAFF, ALBERT, and WAGNER, JJ., concur.