JONES *v.* DEVRIES.

1. MUNICIPAL CORPORATIONS—ZONING—DIRECT PETITION FOR VARIANCE—IRREGULARITY.
    No importance is attached to irregularity of procedure whereby defendant property owners petitioned city zoning appeal board directly for a permitted variance instead of applying for a building permit to the building inspector where it was properly assumed he would have denied such application and subsequently defendants would have had to petition for variance on appeal to the board anyway.

2. SAME—ZONING—REVIEW OF APPEAL BOARDS.
    Under the statute authorizing municipal corporations to enact zoning ordinances the decisions of zoning appeal boards on questions of fact are now reviewable by courts when appeal therefrom is taken timely (CL 1948, § 125.585).

3. SAME—ZONING APPEAL BOARD—REVIEW—PARTIES.
    Suit to enjoin defendants from erecting two large 6-story multiple apartment buildings in an area zoned for one- and two-family dwellings, brought by property owners in affected area, was a proper method of reviewing determination of zoning appeal board where suit was commenced within 5 days from the board's order granting permission to erect such apartments, since the parties in actual interest are before the Court; the board not being a necessary party to the case (CL 1948, § 125.585).

4. INJUNCTION—BURDEN OF PROOF.
    In a suit wherein plaintiff seeks an injunction, the plaintiff has the burden of proof on the controlling issues of fact.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning, § 197.
[1, 2, 6, 7] Construction and application of provisions for variations in application of zoning regulations and special exceptions thereto. 168 ALR 13.
[4] 28 Am Jur, Injunctions, § 297.
[5, 9] 9 Am Jur, Buildings, §§ 36, 37; 28 Am Jur, Injunctions, § 152; 39 Am Jur, Nuisances, § 150.
[6] 58 Am Jur, Zoning, § 224.
[7] 58 Am Jur, Zoning, § 198.
[8] 43 Am Jur, Public Officers, §§ 249, 250, 254.

5. BUILDINGS — ERECTION — INJUNCTION — NUISANCE — ZONING ORDINANCE.

The erection of a building contrary to the provisions of a valid zoning ordinance, declared by statute to constitute a nuisance *per se*, could be abated by timely proceedings, such as a suit to enjoin the erection of such building even though permit to to do so had been granted by zoning appeal board under power granted it to permit erection of buildings at variance with provisions of ordinance (CL 1948, § 125.587; Grand Rapids 1923 Zoning Ordinance, § 16-E, as amended in 1948).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—TESTIMONY BEFORE ZONING APPEAL BOARD.

In suit by property owners to enjoin construction of large apartment building not conforming to zoning ordinance, while the admission of transcript, unsworn testimony or statement of parties before the board was not error, the question of whether or not it is necessary to take testimony under oath in proceedings before a municipal zoning appeal board is not determined, where issue was not raised on appeal.

7. MUNICIPAL CORPORATIONS—ZONING APPEAL BOARD—VARIANCE— INJUNCTION.

A zoning appeal board's grant of a variance in violation of zoning ordinance is ineffective and entitles affected property owners to injunctive relief.

8. OFFICERS—AUTHORITY.

The action of legal officers is binding only when they act within the scope of their authority.

9. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—VARIANCE—INJUNCTION.

Under zoning ordinance authorizing zoning appeal board to vary or modify provisions of the ordinance in case it could find that zoned use could not yield a reasonable return, that plight of the owner was due to unique circumstances and that variant use will not alter essential character of the locality and evidence adduced fails to show that zoned use could not yield a reasonable return or that owners' circumstances were unique and it was obvious that erection of proposed 120- and 100-apartment buildings would alter the essential character of the neighborhood, the variance allowed by the zoning appeal board as to such buildings was in violation of the ordinance and entitled affected property owners to injunctive relief (Grand Rapids 1923 Zoning Ordinance, § 16-E, as amended in 1948).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 6, 1949. (Docket No. 41, Calendar No. 44,543.) Decided December 7, 1949.

Bill by Charles Russell Jones and others against Fred DeVries and others to restrain the erection of apartment buildings. William J. Graham and others intervened as parties plaintiff. Decree for plaintiffs. Defendants DeVries appeal. Affirmed.

*Allaben, Wiarda, Hayes & Hewitt* (*F. Roland Allaben* and *Kenneth T. Hayes,* of counsel), for plaintiffs.

*Warner, Norcross & Judd* (*George S. Norcross* and *Harold S. Sawyer, Jr.,* of counsel), for defendants DeVries.

North, J. Plaintiffs in this case and others as intervening plaintiffs, being some 22 property owners in the area affected, joined in a bill of complaint praying for an injunction restraining defendants DeVries from erecting two 6-story apartment buildings at the locations contemplated, which are within the area zoned as A-1 residential by the zoning ordinance of the city of Grand Rapids. The relief sought was decreed. Fred and Anna DeVries, herein referred to as defendants, have appealed. The decree also enjoined defendant Ralph E. Seeger, Grand Rapids building inspector, from issuing a building permit to defendants DeVries.

The first of these 2 structures, designed to contain 120 apartments, was to be located on the rear portions of 3 properties, 2 of which were owned by defendants and the third by defendants and another party. Two of these properties are bounded on the north by Fountain street and have a total frontage

thereon of 216 feet. The third parcel is bounded by East Fulton street on the south and has a frontage on that street of 147 feet. At the rear these parcels to some extent adjoin; and the proposed apartment building was to be located in part on the rear of the 2 parcels fronting on Fountain street and in part on the rear of the Fulton street property. Under previous permits defendant Fred DeVries converted a large dwelling located on the northwest portion of the property fronting on Fountain street into a 9- or 10-apartment building; and on the southeast portion of the parcel fronting on Fulton street he had likewise converted a former dwelling and appurtenant garage into 12 apartments. The easterly portion of the parcel fronting on Fountain street which joins the lot fronting on Fulton street was purchased by defendants and another shortly before or since January 1, 1949. Until the recent purchase of the easterly portion of the property fronting on Fountain street, defendants' properties—one fronting on Fountain street and the other on Fulton street, were not contiguous at the rear.

College avenue is the next street east of the above described property. In June, 1948, defendants acquired property located on the easterly side of College avenue, designated as 20 College avenue, N.E. This property consists of a large and substantial dwelling house with the usual appurtenances. The lot has a frontage of 315 feet on College avenue and a depth of 150 feet. It is on this property that defendants also propose to erect a building consisting of 100 apartments.

The area surrounding defendants' properties predominately consists of old-time large residences, some of which have been converted into multiple apartments. The zoning ordinance restricts residential construction in this A-1 residential area to "private (one-family) and two-family dwellings."

However the ordinance also provides "the additional right to convert existing dwellings into dwellings of more than one family is hereby granted, Provided, that such conversion shall comply with all the conditions herein specified in the subparagraphs" (following). Among the conditions the following is embodied in subparagraph (4): "There shall be no major structural change in the exterior of the structure other than required or desirable for ingress and egress to each apartment or dwelling unit to be created."

Because they did not conform to the zoning ordinance, neither of these proposed apartment buildings could be erected by defendants except there was first obtained from the board of zoning appeals of Grand Rapids a so-called authorized variance from the provisions of the zoning ordinance. The ordinance was originally passed in 1923, but the pertinent part of the ordinance, section 16-E, was amended October 18, 1948. Section 16-E, as amended reads:

"The board of zoning appeals shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties and decide the same within a reasonable time. Upon the hearing, any party may appear in person or by agent or by attorney. Such board of appeals shall hear and decide appeals from and review any order, requirement, or decision or determination made by the building inspector. The board of appeals may reverse or affirm, in whole or in part, or may modify the order, requirement, decision or determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end shall have all the powers of the building inspector. Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of this ordi-

nance, the board of appeals shall have power in passing upon appeals to vary or modify any of the rules, regulations or provisions of this ordinance relating to the construction, structural changes in, equipment or alteration of buildings or structures, so that the spirit of the ordinance shall be observed, public safety secured and substantial justice done. The decision of such board shall not become final until the expiration of 5 days from the date of entry of such order unless the board shall find the immediate effect of such order is necessary for the preservation of property or personal rights and shall so certify on the record. In order to preserve the spirit of this ordinance, the board of appeals shall not vary or modify any of the provisions of the ordinance with respect to use unless it shall find that all of the following conditions exist:

"1. That the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone;

"2. That the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood;

"3. That the use to be authorized by the variance will not alter the essential character of the locality. The existing housing shortage is hereby declared to constitute an emergency, and during its continuance said board of zoning appeals may take the same into consideration, together with all other elements herein specified in order to provide homes and shelter for the public, in an attempt to alleviate the results of such emergency. A specific finding of such emergency shall be made in each case where this element is considered. This emergency is deemed temporary and shall not continue in effect longer than 3 years from the effective date of this ordinance (October 18, 1948)."

In the instant case defendants did not make application to the building inspector, as is required by the ordinance, for a building permit to erect either

of these apartments, but, as noted by the trial judge, it was to be assumed that the building inspector would have denied such a request for a building permit, and, hence, instead of taking that procedure and a subsequent appeal to the board of zoning appeals, it was considered permissible in the instant case that the original petition for a permitted variance be made to the appeal board. Nonetheless reference is made to this proceeding as an appeal. For purposes of decision herein we attach no importance to the irregular procedure.

After hearing the parties pro and con, the appeal board passed a resolution permitting defendants to erect each of these 2 apartment buildings. The only reason embodied in the resolution for so doing reads:

"Due to the present housing emergency, the fact that the veterans need a place to live which will be within their income, and that they will be given first preference, and also that off-street parking will be provided, therefore be it" (resolved that permission to erect the 2 apartment buildings be granted).

As first above noted this appeal by defendants DeVries is from the trial court's decree enjoining them from erecting the proposed apartment buildings. Appellants' first contention is as follows:

"The lower court was without power to review the decision of the board of zoning appeals, or to set it aside in collateral proceedings in the absence of a showing of fraud or bad faith."

While it has been held in some of our earlier decisions that determinations of zoning appeal boards were final on issues of fact or discretionary matters (see *Beardsley* v. *Evangelical Lutheran Bethlehem Church,* 261 Mich 458; *Central High School Athletic Ass'n* v. *City of Grand Rapids,* 274

Mich 147; *Austin* v. *Older,* 278 Mich 518) such decisions were based upon the provisions then in the statute which read: "The decision of such boards shall be final so far as it involves discretion or the finding of facts." CL 1929, § 2637 (Stat Ann § 5.2935). But by amendment (PA 1941, No 306) the above provision was deleted and in its place the following was substituted: "The decision of such board shall not become final until the expiration of 5 days from the date of entry of such order (with certain exceptions not here pertinent)." CL 1948, § 125.585 (Stat Ann 1946 Cum Supp § 5.2935 [d]). Right of review by the courts if the proceedings are instituted within the time prescribed, as was done in the instant case, is clearly indicated in the amended statute to which the ordinance must conform, and such is established practice in this jurisdiction. (See *Kuizema* v. *Breen,* 316 Mich 492; *Baura* v. *Thomasma,* 321 Mich 139.) We are mindful that this statute was later amended (PA 1947, No 272) by adding 2 new sections (3a and 10; CL 1948, §§ 125.583a, 125.590 [Stat Ann 1949 Rev §§ 5.2933 (1), 5.2940]) and, also, in some respects amending section 5 (CL 1948, § 125.585; Stat Ann 1949 Rev § 5.2935). Section 3a provides for nonconforming uses, *i.e.,* continuation of use which was lawful at the time the zoning ordinance was adopted. As to any decision of an appeal board made pursuant to section 3a, section 10, simultaneously enacted, provides for "a review thereof both on the facts and the law, in the circuit court." We are not in accord with appellants' contention that this restricted provision for review in section 10 by implication repeals or nullifies the provision above quoted from section 5 (d) that: "The decision of such board shall not become final until the expiration of 5 days from the date of entry of such order." It is quite inconceiva-

ble that if the provision just quoted was to be nullified or repealed by the 1947 amendment the legislature, which in some particulars did amend this section 5, would not also have deleted the provision last above quoted. Instead it was continued in the section as originally enacted in 1941.

Nor do we agree with appellants that the instant case is a collateral attack on the holding or determination of the board of appeals. Instead the real parties in interest who were before the board of appeals are now parties to the instant case seeking relief which was not sought in and could not have been granted in the proceedings before the board of appeals. The board of appeals is not a necessary party to the instant case. The parties in actual interest are before the Court; and the method of review to which plaintiffs have resorted is permissible.

Appellants' remaining contentions are stated in their brief as follows:

"The appellees failed to sustain their burden of proof, and the lower court erred in admitting and considering in evidence the unofficial and incomplete transcript of unsworn testimony taken before the board of zoning appeals.

"The appellants adduced proof before the board of zoning appeals sufficient to satisfy the requirements of the zoning statute and ordinance for the granting of use variances."

Accepting appellants' proposition that in the instant injunction case the burden is on plaintiffs, in determining whether that burden was sustained there must be kept in mind what were the controlling issues. If defendants had constructed these apartment buildings without having obtained a valid variance, each building would have been "a nuisance *per se,*" and the statute provides:

"The court shall order such nuisance abated and the owner and or agent in charge of such building or land shall be adjudged guilty of maintaining a nuisance *per se*." CL 1948, § 125.587 (Stat Ann 1949 Rev § 5.2937).

If the variance allowed by the appeal board was granted in violation of the provisions of the ordinance (which issue we will shortly consider) it would be ineffective and each of these apartment buildings if constructed as proposed would constitute a nuisance *per se* which under the statute could be abated by timely proceedings.

So a material and, we think, controlling issue in the instant case is this: Was the variance allowed by the appeal board granted in violation of the zoning ordinance; and it is as to this issue that plaintiffs had the burden of proof in the instant case. For reasons about to be noted we think plaintiffs did establish their right to the relief granted.

In support of their contention plaintiffs at the hearing of this case proved in detail the proceedings which were had before the appeal board. As a part of their proofs, plaintiffs, over defendants' objection, introduced the transcript of "testimony" or statements of parties before the appeal board. The "testimony" or statements were taken by a court reporter who for this purpose was employed by plaintiffs' attorney. The reporter, as a witness in the instant case, testified as to the record he had made. Its acccuracy is not challenged. But it was objected to as "pure hearsay" and for the further reasons that it did not include the testimony of one witness who testified after the reporter was compelled to leave the hearing, and that the witnesses whose statements were transcribed were still available and could have been produced at the trial of the instant case. We think the trial court's ruling

was correct. An important issue in this case was the validity of the ruling of the appeal board, and in that connection it was competent to prove what transpired at the hearing before the appeal board. In ruling on this aspect of the record we are mindful that the showing in consequence of which the appeal board granted this variance was not made under oath. The record of the proceedings before the appeal board made by its official secretary was, without objection and properly, also received in evidence at the trial of this case incident to the testimony of witnesses given under oath. As a witness the board's secretary testified that in her notes of the board meeting, which did not cover all details, she embodied the following: "For further details see testimony taken by the court stenographer." It would seem quite axiomatic that if the unsworn statements at the hearing (rather loosely referred to as "testimony") were not competent at the trial of this case, then by the same token they were not competent at the hearing before the appeal board when sitting in a quasi-judicial capacity and determining defendants' right to be allowed a variance from the terms of the zoning ordinance. But since this issue is not raised on this appeal, we do not pass upon the necessity of taking testimony under oath in proceedings before an appeal board of the character here involved.

So we come to the controlling issue as to whether plaintiffs herein by the record made in the trial court established their contention that in granting the variance the appeal board acted in violation of the ordinance. If so, the appeal board's grant of this variance was ineffective and plaintiffs are entitled to the injunctive relief prayed. "The action of legal officers is binding only when they act within the scope

of their authority." *Hudson Motor Car Co.* v. *City of Detroit,* 282 Mich 69, 82 (113 ALR 1472).

By the express terms of the ordinance, hereinbefore quoted, the power of the appeal board to grant a variance is restricted in the following particulars:

"In order to preserve the spirit of this ordinance, the board of appeals shall not vary or modify any of the provisions of the ordinance with respect to use unless it shall find that *all of the following conditions exist:*

"1. That the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone;

"2. That the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood;

"3. That the use to be authorized by the variance will not alter the essential character of the locality."

While, as above noted, the appeal board did find there was a "present housing emergency" there was no finding, nor was there testimony or a showing before the appeal board in support of or to justify a finding, that "the land in question cannot yield a reasonable return" if its use is confined to "a purpose allowed in that zone;" or that "the plight" of defendants, if any, "is due to unique circumstances and not to the general conditions in the neighborhood." The record does not disclose defendants' income on the basis of investment from the 21 or 22 apartments they already have on the properties fronting on Fountain and Fulton streets. The same may be said of the College avenue property. We have not hereinbefore made note of the 15-room old-time dwelling, seemingly in a run-down condition, located on the easterly portion of the Fountain street property. At the hearing before the board of appeals Mr. De-

Vries stated that this 15-room dwelling was then un-occupied, that he bought this property "with the idea that you (he) would tear down the house," and erect the 120-apartment building on the combined proper-ties. As bearing upon whether defendants are in a "plight" caused by restrictions in the zoning ordi-nance, it is somewhat important to note that de-fendants purchased their interest in this parcel shortly before or since January 1, 1949, and with full knowledge of this zoning ordinance which was previ-ously adopted. Referring again to the College ave-nue property purchased by defendants in June, 1948, defendants within the applicable zoning ordinance may construct thereon 2-family apartments. There is no showing of a loss of yield of "reasonable re-turn" if defendants are required to develop and use their present properties within the terms of the ex-isting ordinance.

Our review of the record satisfies us that the only reasonable conclusion sustained by the record made before the appeal board is that the use defendants propose to make of their property under the variance discloses that such use would "alter the essential character of the locality" rather than being one which "will not alter the essential character of the locality." So far as disclosed by the record there are no other apartment buildings of the character defendants propose to construct in that area, al-though some of the large dwellings have been con-verted into multiple apartments, which is permitted by the 1948 amendment, provided there is "no major structural change in the exterior." It is a fair in-ference that when this recent amendment was adopt-ed consideration was given as to how far there should be departure from the previous restrictions of one or 2-family dwellings in this locality; and in-stead of amending the ordinance so it would be per-

missible to construct large apartment buildings such as defendants propose, the limit of the amendment was that the large old-time residences might be converted into "dwellings of more than one family," being limited by the proviso that:

"There shall be no major structural change in the exterior of the structure other than required or desirable for ingress and egress to each apartment or dwelling unit to be created."

It seems clear that the provision last above quoted was aimed at preserving in this zoned area the exterior appearance of the dwellings therein, and that this restriction by necessary implication forbids construction of large apartment buildings 6 stories high such as defendants propose to erect.

The only conclusion justified by the record before us is that the appeal board in granting this variance to defendants acted in violation of the express terms of the ordinance, that the grant was ineffective, and that plaintiffs are entitled to the relief decreed in the trial court. The decree there entered is affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.