GRAVES et al., Appellants v. JOHNSON et al., Respondents

(63 N. W.2d 341)

(File No. 9387. Opinion filed March 16, 1954)

**W. A. McCullen, Geo. A. Bangs,** Rapid City, for Plaintiffs and Appellants.

**H. F. Fellows, John G. Potter, H. R. Hanley,** Rapid City, for Defendants and Respondents.

PER CURIAM. Edward G. Graves and J. T. Money-hun, owners of residences in immediate proximity to Outlot B of Merchens First Addition to the city of Rapid City, brought this action seeking an injunction to prevent the construction and operation of a drive-in threatre on a tract within Lot B which was made by zoning ordinance a part of a residential area. The complaint alleges that defendant Johnson proposes to construct and maintain such an establishment under an authorization of the zoning board of adjustment, the order having been granted at the conclusion of an appeal from the building inspector's rejection of an application for a building permit. Plaintiffs further allege that the drive-in theatre if constructed would cause irreparable injury; that the value of their residences would be greatly depreciated; that they would be inconvenienced, annoyed and injured in the use of their respective residences by the noise, dust, traffic and line of innumerable cars necessarily attendant upon the operation of such an enterprise; and that the proposed use of the property for construction and operation of a drive-in theatre and the purported variance allowed by the board are in violation of the zoning ordinance of the city.

The court below granted motion to dismiss the complaint on the ground that plaintiffs had a plain, speedy and adequate remedy provided by law for review of the order of the board of adjustment and having failed to exhaust the statutory remedy are not entitled to injunctive relief. Plaintiffs appeal.

Municipal corporations are empowered to "regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of the yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures, and land for trade, industry, residence, or other purposes." SDC 45.2601. "Proposed districts and

restrictions shall be definitely set forth in a proposed ordinance." A zoning ordinance setting forth restrictions cannot become effective until after public hearing at which all persons interested shall be given an opportunity to be heard. SDC Supp. 45.2604. Pursuant to the powers conferred by statute, the City of Rapid City enacted a zoning ordinance and it is not contended that it in any respect fails to conform to the authorizing statute.

The remedy to which defendants refer is that provided in SDC 45.2607. Any person or persons aggrieved by any decision of the board of adjustment may thereunder present to a court of record a petition duly verified specifying the grounds of alleged illegality. Upon presentation of the petition within thirty days after the filing of the decision in the office of the board, the court may allow a writ of certiorari directed to the board of adjustment to review its decision.

The statute, SDC 45.2607, authorizes, and the city commission by the ordinance created, a board of adjustment with the following powers: "(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this chapter or of any ordinance adopted pursuant thereto; (2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; (3) To authorize upon appeal in specific cases such variance from terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done."

■ ■ The action of public officers is binding only when that action is within the scope of their authority. Danforth v. City of Yankton, 71 S.D. 406, 25 N.W.2d 50; Lien v. Northwestern Engineering Co., 74 S.D. 476, 54 N.W.2d 472. It is within the power of the circuit court in a proper case to enjoin threatened or anticipated violation of a municipal ordinance. City of Huron v. Campbell, 3 S.D. 309, 53 N.W. 182. The annotation in 129 A.L.R. 885, supplementing 54 A.L.R. 366, on the subject of "Injunction as remedy for violation of

zoning ordinance", expresses the rule as follows: "In most of the jurisdictions in which the question has arisen, it has been held that a property owner, at least upon showing that special damage by way of diminution in value of his property has been or will be suffered by him as a result of the violation of the particular zoning ordinance, may pursue the remedy of enjoining such violation; and some of the courts hold that this may be done even in the absence of express authority in that regard either in the ordinance or in a statute." Thus, in Holzbauer v. Ritter, 184 Wis. 35, 198 N. W. 852, 853, the court held: "On the facts alleged in this complaint, it is plain that if the defendants Loughlin and Ritter are allowed to proceed in the erection of the store building it might cause special damage to the plaintiffs. Under such circumstances a plaintiff's cause of action does not depend on any right to enforce an ordinance of the city but on his right to prevent irreparable injury to his property when the injury threatened is special and different from that of the general public. Similar questions have frequently arisen in other states, and it has generally been held that property rights may be protected by injunction when, in violation of ordinances, those rights are threatened to be invaded, and that it is not necessary in such cases to show that the act violating the ordinance is a nuisance per se."

■ The principle has been frequently stated that the governing body of a city cannot delegate its legislative powers. However an administrative board may not only be authorized to determine specific facts but the duty may be devolved upon it to carry out a detailed legislative policy pursuant to standards fixed by law. See Application of Dakota Transportation, Inc., of Sioux Falls, 67 S.D. 221, 291 N.W. 589. "In considering the true test as to whether a power is strictly legislative or whether it is administrative and merely relates to the execution of the law, the true distinction is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and a conferring of authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made." 42 Am.Jur., Public Administrative Law, § 43.

Statutes and ordinances containing provisions in exact or similar language to that above quoted permitting exceptions or variations in the application of zoning ordinances have been enacted in most of the states. McQuillan, Municipal Corporations, § 25.159. The purpose of these provisions, says the court in the case of Bazinsky v. Kesbec, Inc., 259 App. Div. 467, 19 N.Y.S.2d 716, 720, "is to afford a safety valve, so that the carrying out of the strict letter of the Zoning Ordinance may not occasion unnecessary hardship to particular property owners." See also annotation in 168 A.L.R. 13 as to the application of exceptions and variances in zoning ordinances.

■ The zoning board of adjustment is not a legislative body and can neither ignore nor amend the ordinance under which it functions. The ordinance classified the premises in question for residential purpose and there was no administrative remedy to pursue to obtain a permit for the construction of a drive-in theatre thereon. Walton v. Tracy Loan & Trust Co., 97 Utah 249, 92 P.2d 724, 727, concerned the granting of a permit for the erection of a gasoline service station within a residential area. The court said: "Any variance in use is to the extent of such land in effect a rezoning or the placing of such land in a different zone than that in which the Commission by ordinance had placed it for the purpose of promoting the health, safety, morals and general welfare of the community. Such interpretation would permit the Board, an administrative agent merely, to set aside and in effect annul an ordinance, a legislative act of the Commission, and to do all the Commission itself might do. It requires no citation of authority to establish that the Commission could not delegate to the Board or any other administrative officer its legislative powers or functions. The Board may make such rules and regulations as are reasonably necessary or expedient to enable it to carry out administratively its functions and duties, but not the duties and powers of the Commission. Its function is to carry out the will of the Commission and not to void or set aside that judgment or will." See also Livingston v. Peterson, 59 N.D. 104, 228 N.W. 816; Zimmerman v. O'Meara, 215 Iowa 1140, 245 N.W. 715; Board of Adjustment of City of San Antonio v. Levinson, Tex.Civ.

App., 244 S.W.2d 281; Nicolai v. Board of Adjustment, 55 Ariz. 283, 101 P.2d 199; Lee v. Board of Adjustment, 226 N.C. 107, 37 S.E.2d 128, 168 A.L.R. 1; Jones v. DeVries, 326 Mich. 126, 40 N.W.2d 317.

██ ██ ˙We conclude that under the facts alleged in the complaint the attempted variance was legislation and not the exercise of a delegated power and the authorization of the board of adjustment for construction of the drive-in theatre being in violation of the ordinance and void injunction lies to restrain the proposed construction. Zimmerman v. O'-Meara, supra; see also Kaufman v. City of Glen Cove, 180 Misc. 349, 45 N.Y.S.2d 53. A change in the ordinance itself was the remedy. As to a decision by a board of adjustment made pursuant to the provisions of SDC 45.2608, the question on a review is whether an order of the board is supported by substantial evidence and is reasonable and not arbitrary. No such issue as to the discretion of the board arises under the facts here presented. The board had no power to permit a prohibited use, that being a legislative power vested only in the city commission.

The judgment appealed from is reversed.

All the Judges concur.

PERRY, Circuit Judge, sitting in lieu of LEEDOM, J., disqualified.