JOHN C. DEARDORF and CATHERINE V. DEARDORF, appellants, v. BOARD OF ADJUSTMENT OF THE PLANNING AND ZONING COMMISSION of the City of Fort Dodge, appellee, SUMMIT, INC., intervenor.

No. 50692.

(Reported in 118 N.W.2d 78)

382

November 13, 1962.

Rider, Bastian & Beisser, of Fort Dodge, for appellants.

Donald J. Mitchell, of Fort Dodge, for appellee.

Burnquist, Burnquist & Kersten, of Fort Dodge, for inter-venor-appellee.

Garfield, C. J.—The appeal involves the legality of a variance from the zoning ordinance of the City of Fort Dodge granted by defendant Board of Adjustment to permit erection of an apartment building in an R3 "multi-family" district. The proposed building exceeds the maximum height the ordinance allows and violates its provisions as to yard width and lot area.

Plaintiffs own and occupy the residence across the street west of the proposed site. They brought certiorari to challenge legality of the board's grant of the variance. Following trial the district court annulled the writ. Plaintiffs have appealed.

In September 1959 four Kersten brothers, their sister and Carl Tierney took title to the plot on which they desire to erect an apartment building in Fort Dodge. It is situated at the southeast corner of Third Avenue South (running east and west) and

Tenth Street (running north and south). It is irregular but generally rectangular in shape, with a frontage on Third Avenue (South) of 169 feet and on Tenth of 152 feet.

The zoning ordinance took effect March 12, 1960. On September 12, 1961, Don Kersten filed with the city building inspector application for a permit to erect on the plot an apartment house, about 90 by 80 feet, seven stories high, at an estimated cost of $500,000. The inspector denied the permit because the ordinance fixes a maximum height of "3 stories or 45 ft." for buildings in this district and the building would also violate the ordinance provisions as to yard width (20 feet between the building and front and rear lot lines) and lot area of not less than 1000 square feet per family. The building is to have 36 apartments for as many families. There are about 23,500 square feet in the lot.

"Don Kersten et al" appealed to defendant Board of Adjustment, herein called "board", from the inspector's denial of the permit and asked that a variance be granted. Plaintiffs and 15 other residents of the neighborhood filed objections. Five objectors were spouses, and two appear to be sisters, of other objectors. The board heard evidence offered mainly by objectors, reversed the inspector's decision and granted permission to erect the building. Plaintiffs then filed their petition in certiorari as permitted by section 414.15, Codes 1958, 1962.

I. Code section 414.18 provides: "If upon the hearing which shall be tried de novo it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence * * * which shall constitute a part of the proceedings upon which the determination of the court shall be made."

Pursuant to this statute the court took evidence in addition to that heard by the board which was contained in the return to the writ. The trial de novo section 414.18 permits should be confined to the questions of illegality raised by the petition for the writ. The statute does not provide for trial de novo by equitable proceedings nor that review in this court shall be de novo. Anderson v. Jester, 206 Iowa 452, 463, 464, 221 N.W. 354; Schueller v. Board of Adjustment, 250 Iowa 706, 708, 709, 95

N.W.2d 731, 733. Our review is on assigned errors, the trial court's findings of fact having the force of a jury verdict, Schueller case, supra, and citations.

II. The statutory authority upon which the board relies for the action it took is Code section 414.12, subsection 3. It provides the board shall have power: "3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the * * * ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Similar provisions are common in statutes and ordinances relating to zoning. Graves v. Johnson, 75 S. D. 261, 63 N.W.2d 341, 342, 343; Annotations, 58 A. L. R.2d 1083, 1102; 168 A. L. R. 13, 23, 24; 101 C. J. S., Zoning, section 288, pages 1059–1061; 58 Am. Jur., Zoning, sections 199–202, pages 1048–1050.

■ The power to permit variances which the zoning ordinance delegates to the board is less broad than that delegated by the state statute, supra. There can be little doubt that power conferred on the board by state statute may not be limited by city ordinance. Insofar as this ordinance conflicts with section 414.12, subsection 3, the statute controls. Mabank Corp v. Board of Zoning Appeals, 143 Conn. 132, 120 A.2d 149, 150, 151; St. Onge v. City of Concord, 95 N. H. 306, 63 A.2d 221, 222, 223; 101 C. J. S., Zoning, section 10; 58 Am. Jur., Zoning, section 7; 5 McQuillin Municipal Corporations, Third Ed., section 15.20, pages 96–99. See also Town of Randolph v. Gee, 199 Iowa 181, 201 N.W. 567.

■ III. The only assigned error we find it necessary to consider challenges the legality of the board's order granting the variance. Before it could be granted, the burden was on those applying for it to show that enforcement of the zoning ordinance or denial of the variance would result in "unnecessary hardship" to them, as the term is used in Code section 414.12, subsection 3. Annotation, 168 A. L. R. 13, 113; 8 McQuillin Municipal Corporations, Third Ed., section 25.167, pages 394, 395; Yokley Zoning Law and Practice, Second Ed., section 138, page 335;

Rhyne Municipal Law, section 32-21, page 877; 101 C. J. S., Zoning, section 306, page 1088, and citations n. 92.

The board made no finding that denial of the variance would result in unnecessary hardship to the applicants, nor does its return to the writ of certiorari disclose any facts which would justify such a finding. Under a number of decisions, some of which are based on provisions of statute or ordinance, this in itself would be fatal to the board's order. Tireman-Jay-Chicago Improvement Assn. v. Chernick, 361 Mich. 211, 105 N.W.2d 57, 61; People ex rel. Fordham Manor Reformed Church v. Walsh, 244 N. Y. 280, 155 N.E. 575, 578; Annotation, 168 A. L. R. 13, 117; Yokley Zoning Law and Practice, Second Ed., section 138, pages 338, 339. See also Rhyne Municipal Law, section 32-22, pages 879, 880.

██ ██ We prefer not to rest our decision upon this ground which may be thought to be a narrow one. Our statute does not require the board to make findings of fact nor a record of the reasons for its action. Anderson v. Jester, supra, 206 Iowa 452, 460, 461, 221 N.W. 354. Certainly, however, if there was no showing before the board of the requisite unnecessary hardship to the owners if a variance were denied, its order is illegal within the meaning of Code section 414.15 above referred to and aggrieved parties such as plaintiffs are entitled to have it annulled in this action. "* * * proceedings * * * unsupported by facts on which power to act depends, or within which the power must be exercised, are illegal." Anderson v. Jester, supra, 206 Iowa 452, 463, 221 N.W. 354, 359.

"Where there is no evidence of individual hardship, the board is without authority to grant a variance, and where it does so, its action will be set aside by the courts." Yokley, Second Ed., section 138, page 339.

██ It is doubtless true, as the board contends and the trial court held, the burden rested upon plaintiffs in the certiorari action to show illegality of the board's order granting the variance. Libby v. Board of Zoning Appeals, 143 Conn. 46, 118 A.2d 894, 897; Jones v. DeVries, 326 Mich. 126, 40 N.W.2d 317, 321. Annotation, 168 A. L. R. 13, 146; Rhyne Municipal Law, section

32-22, page 886; 101 C. J. S., Zoning, section 363b, pages 1207, 1208.

■ We think plaintiffs discharged this burden. A complete record was made of the hearing before the board which resulted in the order of variance. This record was before the trial court and is before us. We find in it no evidence to support a finding that enforcement of the ordinance would result in unnecessary hardship to the applicants for the variance. Nor do we find any such evidence was taken in the trial court. Nor did the court make any finding unnecessary hardship would result from refusal to grant the variance.

■ IV. No Iowa decision defining the term "unnecessary hardship" has come to our attention. Definitions found in outside opinions differ in the language used, but not greatly in the essential meaning of the term. Perhaps the most precise definition we have found is that adopted in several New York cases. They hold that before a variance may be granted on the ground of unnecessary hardship it must be shown: (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) the use to be authorized by the variance will not alter the essential character of the locality. In re Otto v. Steinhilber, 282 N. Y. 71, 74, 24 N.E.2d 851, 853; In re Taxpayers Assn. v. Board of Zoning Appeals, 301 N. Y. 215, 218, 93 N.E.2d 645, 646, and citations.

East Chicago, Ind. v. Sinclair Refining Co., 232 Ind. 295, 111 N.E.2d 459, 465, approves the three requisites of unnecessary hardship found in the New York cases. Tireman-Jay-Chicago Improvement Assn. v. Chernick, supra, 361 Mich. 211, 105 N.W. 2d 57, 61, takes note of them. Also several text writers, apparently with approval. 8 McQuillin, Third Ed., section 25.169, page 403; 1 Metzenbaum Law of Zoning, Second Ed., chapter IX-f-1, page 769; Yokley, Second Ed., section 138, pages 336, 337. See also Bassett Zoning, pages 168, 169; Rhyne Municipal Law, section 32-19, pages 860, 862. The Grand Rapids zoning ordinance expressly requires a finding that these three conditions

exist before a variance may be granted. Jones v. DeVries, supra, 326 Mich. 126, 40 N.W.2d 317, 319.

We find no showing before the board of any of these requirements for a finding of unnecessary hardship. Further, the only reasonable conclusion to be drawn from the record is that this proposed apartment building, seven stories—70 to 80 feet—high, in a district where the ordinance fixes the maximum height at three stories or 45 feet, would alter, rather than "not alter the essential character of the locality." Jones v. DeVries, supra, at page 138 of 326 Mich., page 322 of 40 N.W.2d. Certainly the building would dominate the locality. As stated, the variance permits departure from the ordinance not only in the matter of height but also in yard width and, especially, lot area.

Other illustrative definitions of unnecessary hardship appear in this language from Peterson v. Vasak, 162 Neb. 498, 508, 76 N.W.2d 420, 426: "The criterion of unnecessary hardship is that the use restriction, viewing the property in the setting of its environment, is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property; or that there is convincing proof that it is impossible to use the property for a conforming purpose; or that there are factors sufficient to constitute such a hardship that would in effect deprive the owner of his property without compensation. An unnecessary hardship exists when all the relevant factors taken together convince that the plight of the location concerned is unique in that it cannot be put to a conforming use because of the limitations imposed upon the property by reason of its classification in a specific zone. Annotation, 168 A. L. R. 13; 58 Am. Jur., Zoning, section 203, page 1050."

Similar definitions of unnecessary hardship appear in Rhyne Municipal Law, section 32-19, pages 861, 862.

101 C. J. S., Zoning, section 290, pages 1066 to 1068, has this to say: "To justify the grant of a variance, the hardship must be substantial, serious, real, and of compelling force, as distinguished from * * * reasons of convenience, profit, or caprice, * * *.

"By way of a guiding principle, it may be said that a variance should be granted where, and only where, the application of

the regulation in question to particular property greatly decreases or practically destroys its value for any permitted use, or where such application bears so little relationship to the purposes of zoning that, as to the property in question, the regulation is in effect confiscatory, arbitrary, or capricious, or constitutes an unnecessary, unwarranted, or unjust invasion of, or interference with, a fundamental right of property."

We cannot find substantial evidence before the board or in that taken by the district court of unnecessary hardship, within any of the well recognized definitions of the term. Certainly none was offered before the board. At the trial of this action there was testimony that over the years the locality has deteriorated. So far as shown, however, there has been no deterioration subsequent to adoption of the zoning ordinance. One apartment building has stood in the district since long before the ordinance was passed. We do not understand it exceeds the permissible height or otherwise violates the ordinance. One dwelling in the district was altered, apparently before adoption of the ordinance, to accommodate more than one family but it has not been used as a multiple dwelling during the last 22 years. One lady has an apartment on the upper floor of her home. No violation of the ordinance is involved in either instance.

This evidence of general conditions in the neighborhood, apparently existing at the time the zoning ordinance was adopted, may perhaps indicate unreasonableness of the ordinance itself but it does not disclose circumstances unique to the property for which the variance was granted. "A change in the general condition of the entire area so as to require a fundamental revision of the zoning ordinance presents a legislative measure and not special hardship to particular property, and should be remedied by revision of the general zoning law and not by granting a special privilege to a single owner." 8 McQuillin, Third Ed., section 25.168, page 401. See also 101 C. J. S., Zoning, section 291, pages 1069 to 1072.

There was also evidence in the district court that a nice apartment house is needed in Fort Dodge, the board so felt in granting the variance, it also felt the best use of the plot would be to build an apartment there, it did not feel it would lower

valuation of other property in the area, and the fact the proposed building would yield about $14,000 in taxes entered into its decision. A board member testified, "We were looking at this project as good for Fort Dodge, * * * that it would bring dollars to our community."

"The mere fact that more money would be derived from taxation if the variance were granted is immaterial in determining the propriety of granting a variance." 101 C. J. S., Zoning, section 287, page 1059. See decisions cited n. 97.

No showing of any of the above matters which the board considered was made at the hearing before it. However, none of them, nor all put together, constitute substantial evidence that denial of the requested variance would result in the requisite unnecessary hardship peculiar to the applicants. The most that may fairly be claimed for these considerations which moved the board to act is that they may indicate its action was not "contrary to the public interest" or unreasonableness of the zoning ordinance and desirability of its revision by the city's legislative body, the council.

It is fundamental that the board may not legislate. It exercises only administrative and quasi-judicial power strictly within the limitations of section 414.12, subsection 3. Anderson v. Jester, supra, 206 Iowa 452, 459, 221 N.W. 354, and citations; 1 Metzenbaum Law of Zoning, Second Ed., pages 693, 694. The board cannot amend or set aside the zoning ordinance under the guise of a variance. Real Properties v. Board of Appeal, 319 Mass. 180, 65 N.E.2d 199, 202, 168 A. L. R. 8, 12, and annotations, 13, 21, 22; Bern v. Borough of Fair Lawn, 65 N. J. Super, 435, 168 A.2d 52, 62; Lee v. Board of Adjustment, 226 N. C. 107, 37 S.E.2d 128, 168 A. L. R. 1, 6; Pincus v. Power, 376 Pa. 175, 101 A.2d 914, 916; Yokley, Second Ed., section 140, page 344; 1 Metzenbaum, chapter IX-d-3, pages 704–706. See also Zimmerman v. O'Meara, 215 Iowa 1140, 1146, 1147, 245 N.W. 715; Call Bond & Mortgage Co. v. Sioux City, 219 Iowa 572, 583, 259 N.W. 33.

The Kerstens and Mr. Tierney took title to this plot about five and one-half months before the zoning ordinance took effect. Don Kersten, an attorney who was principal spokesman

for the owners, was a chief proponent of the ordinance and chairman of the committee which prepared or passed on it. The owners consulted and engaged architects to prepare plans for the apartment after the ordinance took effect, with full knowledge it was in violation of the ordinance one of them helped to create. Under these circumstances we think the fact the property was acquired before the ordinance took effect does not entitle the owners to the relief granted them. See annotation, 168 A. L. R. 13, 33 to 35.

It is well recognized that the power to grant a variance should be exercised sparingly and with great caution or in exceptional instances only. Heady v. Zoning Board of Appeals, 139 Conn. 463, 94 A.2d 789, 791; Real Properties v. Board of Appeal, supra, 319 Mass. 180, 65 N.E.2d 199, 201, 202, 168 A. L. R. 8, 12, and annotations, 13, 24; Beirn v. Morris, 14 N. J. 529, 103 A.2d 361, 365; Young Women's Hebrew Assn. v. Board of Standards, 266 N. Y. 270, 194 N.E. 751, 753; Application of Devereux Foundation, 351 Pa. 478, 41 A.2d 744, 747; Yokley, Second Ed., section 141, page 349; Rhyne Municipal Law, section 32-21, page 875.

No authority has come to our attention which approves such an extensive variance from the terms of a zoning ordinance under any such showing as we have here. Zimmerman v. O'Meara, supra, 215 Iowa 1140, 245 N.W. 715, holds invalid a much less extensive variance from the terms of an ordinance affecting property acquired before the ordinance was adopted. As we have tried to indicate, any relief the owners may obtain lies in a revision of the zoning ordinance, not in the grant of a special privilege to the owners of this one tract.

Since the board's order was made without any substantial showing of the requisite unnecessary hardship to the applicants for the variance it was illegal and must be annulled. For judgment accordingly the cause is—Reversed and remanded.

All JUSTICES concur except STUART, J., who takes no part.