O'KEEFE *v.* THE ZONING BOARD OF APPEALS OF
THE CITY OF EAST GRAND RAPIDS

1. ZONING—VARIANCE—UNNECESSARY HARDSHIP.

A grant of a variance from a zoning ordinance was sustained on appeal where the property was zoned residential, a hospital and office building were on the property, the hospital had operated as a nonconforming use, but had lost that status, the property was valued between $5,000 and $6,000, the cost of demolishing the hospital and the office building was $8,500, and the hospital could not feasibly be repaired or remodeled for any use, because virtual confiscation would result if the property were required to be used as zoned.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning § 194 *et seq.*

2. ZONING—VARIANCES—UNNECESSARY HARDSHIP.

The grant of a variance by a zoning board of appeals was reversed where there was no evidence that the property, which was being used in conformity with the zoning ordinance, suffered any unnecessary hardship.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 June 11, 1971, at Grand Rapids. (Docket No. 11667.) Decided August 24, 1971.

Complaint by Donald W. O'Keefe, Lillian M. Porter, Jacqueline McQueen, and Edward Klinkner against City of East Grand Rapids Zoning Board of Appeals, Michael J. Dodgson, The Sibley Corporation, Edwin A. Dalroot, Eva Dalroot, Gerald W. Dekker, and Arleyn Dekker for a writ of superintending control to prevent a grant of a variance. Complaint dismissed. Plaintiffs appeal. Affirmed in part and reversed in part.

*Vander Veen, Freihofer & Cook* (by *Fred N. Searl*), for plaintiffs.

*Law, Buchen, Weathers, Richardson & Dutcher,* for defendant East Grand Rapids Zoning Board of Appeals.

*Schmidt, Smith & Howlett* (by *Richard L. Spindle* and *James R. Sebastian, Jr.*), for defendants Michael J. Dodgson, The Sibley Corporation, Edwin A. Dalroot, Eva Dalroot, Gerald W. Dekker, and Arleyn Dekker.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

R. B. BURNS, P. J. The City of East Grand Rapids' Zoning Board of Appeals granted a vari-

ance to the defendants Michael Dodgson,[1] the Sibley Corporation, Edwin A. Dalroot, Eva Dalroot, Gerald W. Dekker, and Arleyn Dekker to permit the construction of a medical office building on their properties in the City of East Grand Rapids.

The property involves three parcels of land. The Sibley property is occupied by the Burleson Hospital and an office building, while the other two properties (the Dalroot and Dekker properties) are residences. All three parcels are zoned "A–3 residence".

The Burleson Hospital operated for many years as a nonconforming use but lost such status due to the lapse of use for over a one-year period.

The trial court adopted the findings of fact made by the appeal board as its own, and the record substantiates such findings of fact.

The Sibley property consists of two lots valued for residential purposes between $5,000 and $6,000 each. The cost of demolishing the hospital and the office building is estimated at $8,500. It is not feasible to remodel or repair the hospital for any present use.

Because of the unique situation there are practical difficulties and unnecessary hardships amounting practically to confiscation of the Sibley property if it is required to be used as presently zoned.

Neither the board nor the trial court found that the Dalroot and Dekker properties suffered any hardships and they are presently being used as single family residences. However, due to the parking requirements, it is economically unfeasible to

---

[1] Defendant Michael J. Dodgson holds an option to purchase property from codefendants, Sibley Corp., Edwin A. and Eva Dalroot, and Gerald W. and Arleyn Dekker; on behalf of himself and the title owners of the property he filed an application with the East Grand Rapids Zoning Board of Appeals for grant of a variance as to all three parcels.

construct the medical building without utilizing the Dalroot and Dekker properties for parking.

MCLA 1971 Cum Supp § 125.585(d) (Stat Ann 1969 Rev § 5.2935[d]) reads in part:

"Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of appeals shall have power in passing upon appeals to vary or modify any of its rules, regulations or provisions relating to the construction, structural changes in, equipment, or alteration of buildings or structures, or the use of land, buildings or structures, so that the spirit of the ordinance shall be observed, public safety secured and substantial justice done."

The East Grand Rapids zoning ordinance § 5.122 (c) reads almost identically:

"Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of this Chapter relating to the construction, structural changes in equipment, or alterations of building or structures, or the use of land, building or structures so that the spirit of this chapter shall be observed, public safety secured, and substantial justice done."

The zoning board of appeals and the trial court utilized this language in granting the variance.

The trial court in its opinion stated in part:

"The board's fact finding in this respect was as follows:

"'(e) Although the Dekker and Dalroot lots are presently used for residential purposes, the testimony establishes that it will not be possible to make reasonable use of the Burleson property without the inclusion of the Dekker and Dalroot lots. Mr. Gray, an architect, testified that it was not feasible to confine the proposed medical building project to the Burleson property because of the shape and

topography of the site, and further testified that this conclusion was supported by a study of three or four alternate architectural schemes. Mr. Dodgson, one of the developers, testified that it would not be economically feasible to build only on the Burleson property and provide the required parking, because there would not be enough income from the project to support it. Mr. Childs, Secretary of the East Grand Rapids Planning Commission, testified that the commission had unanimously voted that it would not be advisable to confine the project to the Burleson property.'

\* \* \*

"It will be noted that both the enabling statute and the applicable ordinance grant the zoning board of appeals a broad area of discretion in fashioning variances. Neither places any limitation on the board which could be construed as requiring that variances be limited by platted lot lines. Nor have there been any such restrictions developed by the common law in this state. Although not always willing to do so in result, the appellate courts of Michigan have repeatedly advised trial courts to leave local zoning authorities a broad area of discretion. *Brae Burn, Inc.,* v. *Bloomfield Hills* (1957), 350 Mich 425; *Schlitz* v. *Huckabee* (1970), 23 Mich App 36.

"It is of some persuasive significance to observe that the defendants do not seek to add the Dekker and Dalroot lots to their variance by mere whim. They must in order to satisfy the off-street parking standard governmentally-imposed by the East Grand Rapids Zoning Ordinance. That government cannot recognize a hardship and at the same time withhold by its parking regulations the means of alleviating the hardship.

\* \* \*

"Further, in the words of 74 Harv L Rev [1396 (1961) Note, 'Zoning Variances'], at page 1396, the

original purpose of variances was to protect zoning ordinances from constitutional attack, ' * * * but today the prime purpose of the variance is to benefit the community and the individual property owner by assuring that property capable of being put to commercial, industrial, or residential use will not lie idle.' The East Grand Rapids Zoning Board of Appeals properly satisfied that prime purpose when it included all three parcels in this variance."

There were sufficient facts before the zoning board of appeals for it to find that the Sibley parcel could not be utilized in the manner consistent with the existing zoning ordinance for the board to grant the variance.

We affirm the grant of the variance as to the Sibley property.

The remaining two parcels owned by the Dalroots and the Dekkers present a different problem. It is agreed that no evidence was presented to support the finding that these parcels suffered an unnecessary hardship. In fact both parcels are presently being used in a manner consistent with the zoning ordinance.

In *Puritan-Greenfield Improvement Association* v. *Leo* (1967), 7 Mich App 659, this Court stated (pp 669, 670, 675, 676):

"It has been said that the function of a board of zoning appeals is to protect the community against usable land remaining idle and it is that purpose which gives definition to 'unnecessary hardship.'

" 'Since the main purpose of allowing variances is to prevent land from being rendered useless, "unnecessary hardship" can best be defined as a situation where in the absence of a variance no feasible use can be made of the land.' 74 Harv L Rev 1396, 1401 (1961); quoted in *State, ex rel. Markdale Corp.*,

v. *Milwaukee Board of Appeals* (1965), 27 Wis 2d 154, 163 (133 NW2d 795, 799).

"Whatever the rationale may be, it has been held that a variance should not be granted until it appears the property cannot be put reasonably to a conforming use (*Brackett* v. *Board of Appeal of Building Department of City of Boston* [1942], 311 Mass 52 [39 NE2d 956, 961]; *Stolz* v. *Ellenstein* [1951], 7 NJ 291 [81 A2d 476, 478]); or the application of the ordinance is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property (*Stolz* v. *Ellenstein, supra*); or that the property cannot be used for a conforming purpose (*Brown* v. *Beuc* [(Mo App, 1964), 384 SW2d 845] at p 852; similarly *C. & C., Incorporated,* v. *Semple* [1966], 207 Va 438 [150 SE2d 536, 539]; *Searles* v. *Darling* [1951], 46 Del 263 [83 A2d 96, 100]).

\* \* \*

"It can readily be seen that unless the power of the board of zoning appeals to grant a use variance is defined by objective standards, the appeal board could (and we do not in any sense mean to suggest this would be deliberate) rezone an entire neighborhood—a lot or two lots at a time. The variance granted in response to one 'hardship' may well beget or validate another claim of hardship and justify still another variance. If it is a hardship to be next to a gasoline station, it could be a hardship to be across from one, to be behind one, or diagonally across from one. If heavy traffic is a valid basis, variances might become the rule rather than the sparingly granted exception."

In our opinion the granting of a variance as to the Dalroot and Dekker properties was in effect rezoning the parcels.

The decision of the trial court is affirmed in its approval of a grant of a variance as to the Sibley

parcel and it is reversed in its grant of a variance as to the Dalroot and Dekker property.

No costs, a public question being involved.

All concurred.