William G. TURNER, Jr., et al., Defendants below, Appellants,

v.

Robert H. RICHARDS, Jr., et al., Plaintiffs below, Appellees.

Supreme Court of Delaware.

Submitted May 25, 1976.

Decided Sept. 28, 1976.

Stanley T. Czajkowski, of Czajkowski & Maguire, Wilmington, for defendants below, appellants.

S. Bernard Ableman, of Connolly, Bove & Lodge, Wilmington, and Alan W. Behringer, of Richards, Layton & Finger, Wilmington, for plaintiffs below, appellees.

Before CAREY, Justice Ad Litem, MARVEL, Vice Chancellor, and BROWN, Vice Chancellor.

BROWN, Vice Chancellor.

This is an appeal from a decision of the Superior Court reversing a decision of the Board of Adjustment of the City of Wilmington which had granted a zoning variance to certain property owners permitting them to build a 142-car parking facility on certain property classified as R-1, residential. Appellants, in addition to the members of the Board of Adjustment, are Unit, Inc., the owner of certain of the properties involved, and Patterson-Schwartz & Associates, Inc., the real estate agency acting with and on behalf of Unit, Inc. These latter two parties are hereafter referred to as the "Appellants."

Appellants intended to erect two apartment buildings on a lot fronting on Pennsylvania Avenue in Wilmington. This lot extends southerly from Pennsylvania Avenue a depth of 125 feet into the 1100 block of both Broom Street and Rodney Street. This lot is zoned R-5-B, a classification which permits the intended use. Immediately to the rear of this lot on Broom Street are properties designated as 1109 and 1107 Broom Street. Part of 1109 is zoned R-5-B and the remainder is zoned R-1. A mansion-style residential dwelling house of some age is located on this lot. The lot designated as 1107 Broom Street is zoned entirely R-1 and originally it also contained a large mansion-style dwelling

house, which has since been demolished. Similarly, on Rodney Street, the two properties next to the Pennsylvania Avenue lot are designated as 1112 and 1110 Rodney Street. All but a small portion of 1112 Rodney Street is zoned R–5–B. The remainder, as well as all of 1110 Rodney Street is zoned R–1.

Before the Board of Adjustment the Appellants sought a variance as to the portions of the Broom Street and Rodney Street properties zoned R–1 so as to permit the construction of 142-space parking facility to be used in conjunction with the twintower apartment use intended for the R–5–B property fronting on Pennsylvania Avenue. We assume for the purpose of this decision the obvious factor tacitly conceded by the parties at argument, namely, that in order for the twin-apartment towers of the size designed to be permitted on the R–5–B lot on Pennsylvania Avenue under the existing zoning ordinances, it was necessary that a certain number of parking spaces be immediately available for future occupants of the apartments and that such required parking area could not be provided under Appellants' proposed plans in the absence of a variance being granted to the portion of the Broom Street and Rodney Street lots zoned R–1.

After a hearing on the application, the Board of Adjustment granted the variance as requested, and the Appellees, being residential property owners in the immediate area, took a writ of certiorari to the Superior Court. That Court properly concluded that its function was to review the record to ascertain whether or not there was sufficient evidence before the Board upon which it could have properly based its decision while correctly applying the law to the facts before it. *Searles v. Darling*, Del., 7 Terry 263, 83 A.2d 96 (1951). It concluded that there was not and that as a consequence the Board had abused its discretion which, in turn, required that its decision and order granting the variance be reversed. We agree that the holding of the Court-below was proper.

By 2 Wilmington Code § 48–63 the Board of Adjustment is authorized to

" . . . grant a variance from the requirements of this chapter, where, by reason of exceptional narrowness, shallowness, or shape of a specific piece of property at the time of the adoption of the ordinance from which this chapter derives or by reason of exceptional topographic conditions or under extraordinary and exceptional situation or condition of such piece property, the strict application of any regulation would make it impractical for the owner to use such piece of property for a proposed principal building and buildings accessory thereto in conformance with those requirements of this chapter and thus would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of such property; provided, that such variance may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of this chapter."

After holding a public hearing and accepting evidence as required by the zoning ordinance, the Board issued its decision, in pertinent part, as follows:

" . . . it appearing that the [Appellants] desires to construct a two level parking lot (one below ground and one above ground at approximately grade level) on property zoned R–1 and known as 1107 and part of 1109 N. Broom Street and 1110 and 1112 N. Rodney Street . . . and the Board finding that by reasons of the exceptional situation and topographic conditions existing with respect to the principal piece of property, the strict application of any regulation would make it impractical to use said piece of property and would result in peculiar and exceptional practical difficulties to and undue hardship upon the [Appellants], and further finding that a variance as to the parking lot may be granted without substantial detriment

to the public good and without substantially impairing the intent and purpose of the Revised Building Zone Ordinance, and further finding that the parking lot would not impair the value of the adjoining properties, and it would not adversely affect the character of the neighborhood; therefore, it is ordered that the application be granted . . .."

■ In reversing the Board's decision, the Court below reached certain conclusions based on the record before the Board. However, since we feel that *Searles v. Darling, supra,* is dispositive of the matter, we find it unnecessary to discuss all of the factors considered by the Court below. In the *Searles* case it was established as the law of this State that in order to warrant a variance, the hardship relied upon must be inherent in the particular property for which the variance is sought. Such is not the situation here.

■ In *Searles* this Court was dealing with similar factual circumstances, the only real difference being that there the property for which the variance was sought was located some distance from the property it was to serve rather than adjacent to it. The applicant for the variance in that case intended to construct an apartment building on land with a zoning classification that permitted such use. On a nearby property he proposed to construct a garage to accommodate the parking needs of the apartment occupants. This latter property was zoned residential, but actually contained numerous individual garages which predated the zoning ordinance. The applicant was aware of the residential zoning classification when he purchased the property. Nonetheless, he sought and was granted a variance so as to be able to construct the new garage. In holding the variance to have been improperly granted this Court stated as follows at 83 A.2d 100:

"Further, we also conceive it to be necessary in a matter of this kind for the applicant to establish that the hardship on which he relies is some factor peculiar to this property. Otherwise, instead of the granting of a variance, obviously what is needed is legislative action; the zoning ordinance itself should be amended so as to provide the remedy needed by all persons similarly situated. It is of the essence of a sound application for variance that the circumstances must be peculiarly oppressive to the applicant's property. The courts have uniformly so held. * * *.

"Further, the hardship wrought by the zoning ordinance must not only be peculiar to the applicant's property, but it must relate to the particular property of the applicant for which he seeks the variance. Here applicant contends that it is a hardship not to be able to build a garage in connection with his apartment house, so that, as a matter of fact, the hardship asserted is suffered by the apartment house property, not by 1701 Hancock Street. So strictly do the courts construe any grant of jurisdiction to break down, even in isolated cases, the uniformity which is the essence of a zoning plan, that any application for variance will be denied unless it comes fully and fairly within the exception on which it must rest."

Despite the efforts of Appellants to focus on the nonfeasibility of using the adjoining R–1 properties for single-family residences under modern conditions, we are of the opinion that they cannot avoid the obvious, namely, that if the variance is not granted the hardship will be as to their intended use of the R–5–B property and not the properties for which they seek the variance.

We consider the rationale and holdings of *Searles v. Darling, supra,* to be equally applicable here. The judgment of the Court below is affirmed.