Charles D. GRAZIANO and Corrine R. Graziano, Appellants,

v.

BOARD OF ADJUSTMENT OF the CITY OF DES MOINES, Appellee,

and

Walter E. Stohlgren, Intervenor.

No. 65863.

Supreme Court of Iowa.

Aug. 25, 1982.

Craig F. Graziano of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellants.

James E. Nervig, Asst. City Atty., Des Moines, for appellee.

Ray Sullins of Roehrick, Lavorato, Schuster & Hassel, P. C., Des Moines, for intervenor.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Plaintiffs filed this Iowa Code section 414.15 certiorari action to challenge the legality of the Des Moines zoning board of adjustment's issuance of a zoning variation. District court affirmed the board's action. The court of appeals affirmed, with two judges dissenting. Upon further review we vacate the decision of the court of appeals and reverse the district court's ruling.

The property involved in this dispute is one lot lying between 62nd Street and Cummins Parkway in Des Moines. Intervenor Stohlgren lives in a single-family dwelling fronting on the 62nd Street end of the lot. He wants to divide the property into two lots and build a duplex fronting on Cummins Parkway. Plaintiffs Grazianos live in a single-family dwelling next to the proposed development and are opposed.

The area in question is zoned R–2. An R–2 zone permits duplexes if they comply with minimum lot size, setback and rear yard restrictions. Intervenor's dilemma, which he sought to resolve by his variance application, is that he cannot satisfy the minimum 35-foot rear yard requirement on the proposed 62nd Street lot while satisfying the 8000-square foot minimum lot size required for the duplex on Cummins Parkway.

Intervenor first elected to apply for an eleven-foot rear yard length variance on the proposed 62nd Street lot. Following hearing the board unanimously denied the application because the development was "[n]ot in harmony with the immediate area on Cummins Parkway" and "would set a precedent for other property owners on 62nd Street."

Later the intervenor filed an "Application for Rehearing," reducing the size of the requested variance to 4.15 feet. He alleged his lot had been mismeasured and that he had miscalculated the areas upon his first application. The board granted this application and after a second hearing allowed the variance on the ground this was an "[e]xceptional situation." Our disposition of the case does not require us to determine whether this "Application for Rehearing" was tardy, or even permissible.

I. The board and intervenor first assert that "[p]laintiffs have waived their right to review of this case under § 414.12(3), The Code; § 2A–29 of the Des Moines City Code, as applied by the Board of Adjustment and the court below is the law of the forum to be applied on appeal." Apparently they make this contention in an attempt to insulate their proposed interpretation

and application of city code section 2A–29 from the stringent requirements of section 414.12(3) as construed by our decisions. We find this contention without merit for several reasons.

First, plaintiffs' certiorari petition alleged violations of both the statute and the ordinance. District court relied on both Iowa Code section 414.12(3) and city code section 2A–29. It cited both in its ruling, together with decisions construing Iowa Code chapter 414 and its predecessor.

Second, the board and intervenor do not expressly argue that the city ordinances and the statute conflict. Section 414.12(3) in relevant part provides:

The board of adjustment shall have the following powers:

. . . .

3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

Section 2A–29(B) of the Des Moines zoning ordinance provides that the board of adjustment shall have the power

[t]o grant a variation in the regulations when a property owner can show that his property was acquired in good faith and where by reason of exceptional narrowness, shallowness, or shape of a specific piece of property, or where by reason of exceptional topographical conditions or other extraordinary or exceptional situations, the strict application of the terms of this ordinance actually prohibits the use of his property in a manner reasonably similar to that of other property in the district, and where the Board is satisfied under the evidence before it that:

1. The land in question cannot yield a reasonable return if used only for a purpose allowed in the district in which it is located; and

2. The plight of the owner of the land in question is due to the unique circumstances shown to the Board and is not of his own making; and

3. The use to be authorized by the variation will not alter the essential character of the locality of the land in question.

Provided, however, that all variations granted under this clause shall be in harmony with the intended spirit and purpose of this ordinance.

The three-part subdivision of ordinance 2A–29(B) is our case law definition of the "unnecessary hardship" language in section 414.12(3). *See Board of Adjustment v. Ruble*, 193 N.W.2d 497, 504 (Iowa 1972); *Deardorf v. Board of Adjustment*, 254 Iowa 380, 386, 118 N.W.2d 78, 81 (1962). Therefore, the statute and the ordinance are substantively the same. In *Ruble* this court considered the same Des Moines ordinance and concluded:

Section 2A–29(B)2 . . . requires in substance before a variance may be granted, applicant must show, among other things, his plight is due to unique circumstances and is not of his own making. This prerequisite is consistent with provisions of Code section 414.12 . . . and with that portion of the Deardorf opinion relating to unnecessary hardship . . . .

*Ruble*, 193 N.W.2d at 504.

The board and intervenor point out that the former "obviously grounded the instant area variance on the first part of the ordinance." They support this with the argument that the "exceptional situation" language of the first part of the ordinance applies to this *area* variance application, and the three requirements in the latter portion of the ordinance apply only to *use* variance requests. This argument is unconvincing because section 414.12(3) requires a showing of unnecessary hardship for either use or area variances. *Ruble* is dispositive of this issue.

One significant objection, however, is that the New York standard for determining "unnecessary hardship," as relied on in the Deardorf opinion, is applicable only to use variances and should not be applied to requests for area variance. This proposition does not necessarily follow from Deardorf. Whereas the Board cites authority limiting the New York standard to use variances, Deardorf applied the test to a situation involving both use and area zoning restrictions. This court in no way indicated an intention to limit application to instances where legitimacy of use variances is in issue . . . .

*Ruble*, 193 N.W.2d at 505. Where, as here, the statute contains the requirement, it cannot be forgiven by ordinance. If the ordinance conflicts with the statute, the statute controls. *Deardorf*, 254 Iowa at 384, 118 N.W.2d at 80.

Even if the statute did not control, it is clear that ordinance 2A–29(B) requires a showing of all its conditions. They are all linked by the "and" conjunction. Further, the three-part definition of "unnecessary hardship" is grounded on *Deardorf*. That decision holds all requirements must be shown. Therefore, it is reasonable to assume the city council intended all the requirements to apply when it adopted the ordinance.

■ Thus under both Iowa Code section 414.12(3) as construed in *Deardorf* and *Ruble*, and Des Moines zoning ordinance 2A–29(B), require a showing of unnecessary hardship before a board of adjustment can grant a variance. In order to establish unnecessary hardship, an application must show (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood, which may reflect the unreasonableness of the zoning ordinance itself; and (3) the use to be authorized by the variance will not alter the essential character of the locality. *Ruble*, 193 N.W.2d at 504; *Deardorf*, 254 Iowa at 386, 118 N.W.2d at 81.

■ II. Our scope of review is limited. Trial court's findings of fact have the effect of a special jury verdict and an appeal to this court is like that in an ordinary pro-

ceeding. *Grandview Baptist Church v. Zoning Board of Adjustment*, 301 N.W.2d 704, 706–07 (Iowa 1981); *Weldon v. Zoning Board of City of Des Moines*, 250 N.W.2d 396, 401 (Iowa 1977); Iowa R.Civ.P. 318. Accordingly, factual determinations will be broadly and liberally construed and ambiguities construed to uphold rather than defeat the trial court's judgment. *Johnson v. Board of Adjustment*, 239 N.W.2d 873, 878–79 (Iowa 1976). An extensive discussion of our standard of review can be found in *Trailer City, Inc. v. Board of Adjustment*, 218 N.W.2d 645, 646–48 (Iowa 1974).

 Our case law makes it plain that the burden to show unnecessary hardship is on the variance applicant. *Ruble*, 193 N.W.2d at 502; *Deardorf*, 254 Iowa at 384, 118 N.W.2d at 80. As we noted above, the ordinance incorporates the *Deardorf* unnecessary hardship definition. Because the statute allocates the burden of proof, the ordinance cannot alter it. Therefore, the burden under the ordinance is on the applicant.

 If an applicant does not make the required unnecessary hardship showing, granting a variance is an "illegal" act by the board and the writ of certiorari should be granted. *Ruble*, 193 N.W.2d at 503, 505; *Deardorf*, 254 Iowa at 385, 118 N.W.2d at 81. The board cannot alter the zoning ordinances by granting variances; it may not legislate. *Ruble*, 193 N.W.2d at 503; *Deardorf*, 254 Iowa at 389, 118 N.W.2d at 83. The power to change the zoning restrictions belongs to the zoning commission and the city council. *See* §§ 414.2, .6. *Ruble* and *Deardorf* caution that the power to grant variances should be used sparingly. *Ruble*, 193 N.W.2d at 503; *Deardorf*, 254 Iowa at 390, 118 N.W.2d at 83.

Pursuant to these principles, the first showing that intervenor was required to make was that "the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone." *Deardorf*, 254 Iowa at 386, 118 N.W.2d at 81. There is uncontradicted evidence in the record that a single-family residence could be built on the proposed Cummins Parkway lot, and

this was the board's staff recommendation. Plaintiffs and other neighbors apparently do not object to a single-family residence.

Our review of the record discloses that intervenor offered *no* evidence relating to the reasonableness of the return if a single-family residence were to be constructed. Nor in this appeal do the intervenor or board point to any such evidence. They attempt to avoid this burden by asserting this condition is inapplicable because "Stohlgren is asking to use his land for a purpose already allowed in the district."

District court found "it would be more economically desirable to build a duplex on the lot fronting on Cummins Parkway," that the "current economic situation" creates a demand for duplexes, and forcing intervenor to develop the property as a single-family dwelling would impose an "obvious financial hardship." Plaintiffs argue that a "current economic situation" might be a relevant concern for the city council and its ordinances, but not for the board and its variances.

The court of appeals found, on the same record that is devoid of any evidence relating to income that might be generated by either a single-family dwelling or a duplex, that granting a variance would allow intervenor "to make a reasonable return on his property."

Neither the board, the district court, nor the court of appeals required that the intervenor meet the *Deardorf* requirement to show "the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone." *Deardorf*, 254 Iowa at 386, 118 N.W.2d at 81. Obviously, the legal standard is not that more profit could be made if a variance is granted. The standard is that a reasonable return could not be garnered from a permitted use.

 We hold that the intervenor did not show the unnecessary hardship that would justify a variance. *See Zimmerman v. O'Meara*, 215 Iowa 1140, 1147, 245 N.W. 715, 718 (1933) ("There is nothing in the record to indicate that an unnecessary hardship will be imposed upon appellee if she

cannot thus reconstruct her house [to make a duplex]."). The board's granting of the variance thus was illegal and district court should have reversed the board's action.

III. The above determination does not require us to reach plaintiffs' strong assertion that the unnecessary hardship must be shown for the lot for which the variance is applied. Here the variance was requested for the proposed 62nd Street lot, but the unnecessary hardship was claimed for the proposed Cummins Parkway lot. For strong reasons underlying the basic rule plaintiffs advance, see *Turner v. Richards*, 366 A.2d 833, 835 (Del.Super.Ct.1976); *Hurley v. Kolligian*, 333 Mass. 170, 173–74, 129 N.E.2d 920, 922 (1955); *O'Keefe v. Zoning Board of Appeals*, 35 Mich.App. 583, 588–89, 192 N.W.2d 509, 512 (1971); *C & C Inc. v. Semple*, 207 Va. 438, 442, 150 S.E.2d 536, 539 (1966); 8 E. McQuillin, *The Law of Municipal Corporations* § 25.167, at 502 (3d ed. 1976).

We have considered all of the arguments and grounds advanced by the parties, even though we have not referred to them in this opinion. None would change the result we have reached.

The decision of the court of appeals is vacated. The district court determination is reversed and the case is remanded for ruling in conformance with this opinion.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT RULING REVERSED; REMANDED WITH DIRECTIONS.