Edward F. LEWIS, III, and Janet M. Lewis, his wife, Petitioners,

v.

NEW CASTLE COUNTY BOARD OF ADJUSTMENT, William J. McKinley, Vice–Chairman, Dorthea L. Kurman, and John R. Cummings, Members of the New Castle County Board of Adjustment, Respondents.

Superior Court of Delaware, New Castle County.

Submitted: Jan. 6, 1989.
Decided: May 22, 1989.

Walter P. McEvilly, Jr., and Kevin G. Healy, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for petitioners.

M. Edward Danberg, of the New Castle County Law Dept., Wilmington, for respondents.

## OPINION

GEBELEIN, Judge.

Petitioners filed a petition for a writ of certiorari alleging that the New Castle County Board of Adjustment (Board) improperly denied the request by petitioners for a zoning variance on the portion of their property zoned as R–1–C. In addition, petitioners allege that the 1954 zoning ordinance as applied to the subject property, is unconstitutional because it effects a taking without compensation.

On March 17, 1988, evidence was presented to the Board concerning the present case and the Board denied the petitioners' requested zoning variance by decision filed April 12, 1988. The petitioners filed a petition for a writ of certiorari with this Court on May 10, 1988.

The case arises from petitioners' request for a use variance over the R–1–C portion of their split-zoned, 11 acre parcel of land located at 110 Middleborough Road, New Castle County, Wilmington, Delaware. In 1954 the subject parcel was split-zoned. The front, northern portion along Middleborough Road was zoned R–1–C for a depth of 150 feet back from the road. The substantial bulk of the property, behind the R–1–C portion, was zoned M–1 and M–2. The R–1–C zoned portion of the subject parcel represents only 1/9 of the total subject parcel, or in terms of acreage, approximately 1.2 acres of an 11 acre parcel. The only ingress or egress available to the M–1/M–2 parcel is through the R–1–C zoned portion to Middleborough Road.

Currently, the R–1–C portion of the subject parcel contains a non-conforming florist/greenhouse which produces the sole income from petitioners' land. The use variance sought is to use the already non-conforming commercial greenhouse entrance on the R–1–C zoned portion of land for a commercial entrance to mini-storage buildings to be erected on the M–1 portion of the subject parcel. The R–1–C portion at issue would be used solely to provide ingress and egress to the M–1 portion of the split-zoned parcel.

■ Upon a writ of certiorari, the duty of this Court is to review the record of the Board's proceedings and determine if there is substantial evidence to support the Board's decision and further to decide whether any legal error has been committed by the Board. *Janaman v. New Castle County Board of Adjustment,* Del.Super., 364 A.2d 1241, 1242 (1976).

The requirements for a use variance are outlined in 9 *Del.C.* § 1352(a)(3) which provides:

> (3) In specific cases, such variance from the provisions of any zoning ordinance, code or regulation that will not be contrary to the public interest, where, owing to special conditions or exceptional situation, a literal interpretation of the provisions of any zoning ordinance, code or regulation will result in unnecessary hardship or exceptional practical difficulties to the owner of property so that the spirit of the ordinance, code or regulation shall be observed and substantial justice done, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of any zoning ordinance, code, regulation or map.

In order to meet the "unnecessary hardship" test the applicant must show that:

> (a) the land cannot yield a reasonable return if used only for the permitted use, (b) need for the variance is due to unique circumstances and not general conditions in the neighborhood which reflect unreasonableness of the zoning ordinance itself, and (c) the use sought will not alter the essential character of the locality.

*Baker v. Connell,* Del.Supr., 488 A.2d 1303, 1307 (1985). *See also, Homan v. Lynch,* Del.Supr., 147 A.2d 650, 654 (1959).

The Board denied petitioners' application for a use variance because it did not find any unnecessary hardship. Specifically, in denying the use variance application, the Board found: 1) the petitioners' family owned considerable land in the area for the last 100 years and was therefore respon-

sible for creating the landlocked situation by selling off other "M" zoned lands with access to a road; 2) the property can yield a reasonable return on its permitted use; 3) there are no unique circumstances in this case; and 4) the use variance would alter the essential character of the neighborhood.

■ The parties to this certiorari have stipulated that the Board erred in its conclusion that the petitioners were responsible for the landlocked situation due to their family's possession of the surrounding land for the past 100 years. Apparently, the petitioners owned the land previous to the imposition of the 1954 zoning ordinance which created the landlocked situation; they cannot be said to have created their own hardship. Therefore, that issue will not be further addressed by this Court.

The evidence presented to the Board at the hearing shows that the majority of the M–1 zoned property is vacant, but a portion has a greenhouse situated on it which supplies the existing non-conforming florist shop located on the R–1–C portion of the subject parcel. In addition, the R–1–C portion of the subject parcel contains petitioners' family residence. On the aforegoing evidence the Board decided that the subject parcel yields a reasonable return.

■ This is a case of first impression in Delaware. The use variance requested in the present case involves only one parcel of land and does not involve two separate parcels. Therefore, previous case law concerning use variances between two completely distinct parcels are inapposite. *See, Leager v. Board of Adjustment,* Del.Super., C.A. No. 84A–FE–6, O'Hara, J. (June 25, 1985), aff'd, Del.Supr., 504 A.2d 572, Christie, C.J. (1986); *Turner v. Richards,* Del.Supr., 366 A.2d 833 (1976); *Searles v. Darling,* Del.Supr., 83 A.2d 96 (1951).

When one parcel has been split-zoned, the issue becomes whether a reasonable return on the parcel should be premised on the return of the parcel as a whole or the permitted use of each separate zone within the parcel. The test is whether "the land cannot yield a reasonable return if used only for the permitted use." *Baker, supra.*

■ Although the R–1–C portion of the subject parcel may be found to yield a reasonable return on its permitted use, the M–1 and M–2 portions of the parcel could never be found to yield a reasonable return when they have no access or ability to be developed to the level of use permitted under the zoning. Those portions simply cannot be used for the already permitted M–1 and M–2 purposes without ingress and egress necessary to a manufacturing usage.

■ The Board does not cite specific reasons for finding that there are no unique circumstances in this case. A finding of unique circumstances is the second element of an "unnecessary hardship" test. The unique circumstances must be conditions peculiar to the property itself and not general conditions in the neighborhood which arise from the impact of zoning regulations. *Richards, supra.*

■ The record does indicate that two other properties are affected in a similar manner as petitioners' property. However, the record is devoid of reference to any other properties affected as such in the neighborhood at issue. In addition, the petitioners' property has a substantially higher percentage of property in the manufacturing zone than do the other two properties affected. These factors considered together make the petitioner's property unique inasmuch as it has a long, narrow strip of residential property with the vast majority of acreage landlocked by zoning. Only two other properties in the area share similar, but not as limiting, characteristics. Thus, this case presents a unique situation.

■ In considering the third element of "unnecessary hardship," the Board decided that the use variance would alter the essential character of the neighborhood. The record does show that fifty-one residents signed a petition in opposition to the proposed use variance. The reasons cited in the petition were the generation of more traffic in the area and a concern for safety.

The record also establishes that there are fourteen businesses with outlets onto Middleborough Road in the immediate area where the petitioners propose to build ac-

cess to their mini-storage facilities. There was testimony by residents that there is *already a lot of traffic on the road, including heavy machinery from the ongoing business concerns* in the area. The entire area directly across from petitioners' property on the other side of Middleborough Road is residential. The west side of the subject parcel is sided by Banning Park, but the south side is industrialized completely and the east side is mostly industrialized. There is not enough evidence on the record to support the Board's conclusion that the essential character of the neighborhood would be altered by the granting of a use variance. The neighborhood has fourteen businesses in the immediate vicinity of petitioners' property and unrebutted testimony by petitioners shows that the mini-storage facilities would only generate approximately 30 car trips per day. It would not generate substantial additional traffic nor generate traffic different from that already present. This is but a minimal increase in an area already populated by fourteen businesses and cannot be said to change the essential character of the neighborhood. This neighborhood is mixed in use at the present time. Addition of mini-storage facilities would not change the character of the neighborhood.

Finally, the Court notes that granting a use variance for the purpose sought would allow use of approximately 9.8 acres of M–1/M–2 land for a purpose within its zoning classification, and denying it would prohibit use of that acreage according to the zoning plan. The true intent of the zoning code would be enhanced by the grant of this use variance.

The evidence simply does not establish "substantial detriment" to the public good in this case.

The decision of the New Castle County Board of Adjustment must be REVERSED.[1]

IT IS SO ORDERED.

---

1. This Court will not address the issue of whether the 1954 zoning ordinance as applied to the subject parcel is unconstitutional because the case has been decided on other grounds.