# IN THE COURT OF APPEALS OF IOWA

No. 16-2224
Filed February 7, 2018

**STRATFORD HOLDING, ET AL.,**
    Plaintiffs-Appellants,

**vs.**

**CITY OF DES MOINES,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

A convenience store seeks a remand to the district court for further examination of the Board of Adjustment's denial of its request for a use variance and conditional use permit that would have allowed the store to sell liquor. **AFFIRMED**.

Loyd W. Ogle of Ogle Law Firm, P.L.L.C., Des Moines, for appellants.

John O. Haraldson, Assistant City Attorney, for appellee.

Heard by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge**.

All persons similarly situated should be treated alike. Stratford Holding, LLC,[1] the owner of a convenience store at 1372 East Fourteenth Street, relies on this equal protection principle from the Article I, Section I of the Iowa Constitution to challenge the city of Des Moines's denial of a use variance and conditional use permit that would have allowed the store to sell liquor. Stratford sought a writ of certiorari in the district court, which affirmed the decision of the city's board of adjustment. Appealing that ruling, Stratford argues the district court erred in deciding the use-variance denial was not arbitrary and capricious without considering the board's actions toward "similarly situated" applicants.

Because Stratford raises its constitutional claim for the first time on appeal, our court has nothing to review. In addition, Stratford provides no authority for remanding this case for consideration of the board's actions in unrelated zoning appeals. Accordingly, we affirm the district court.

## I. Facts and Prior Proceedings

Stratford Holding owns the 2156-square foot building at the corner of East Fourteenth Street and Cleveland Avenue where Santokh Singh Nagra operates a Shop N Save convenience store. The store operates as a "limited food sales establishment" in a location zoned as C-1, a neighborhood retail commercial district.[2]

---

[1] Stratford Holding is a New York-based limited liability corporation. For purposes of this appeal, we will refer to the applicant as Stratford.

[2] Des Moines, Iowa, Municipal Code section 134-841 provides:

> The C-1 neighborhood retail commercial district is intended to provide for the convenience shopping of persons living in neighborhood residential areas and for general uses and activities of a retail and personal service character. Only those uses are permitted which are necessary to

In 2005, this Shop N Save first received a liquor license with the proviso that its alcohol sales not exceed fifty percent of its gross receipts. Then Des Moines changed its zoning laws. In 2010, the city started requiring stores in C-1 districts to receive no more than forty percent of their revenue from the sale of alcohol. In 2011, the city amended the ordinance to require a conditional use permit (CUP) for any limited food and retail sales establishments which wanted to sell alcohol. The city granted existing businesses until the end of 2013 to conform to these new requirements.

In 2015, Stratford sought to rezone its property as a C-2 district,[3] which the city council denied. The business's next step was to apply for a use variance and CUP for a limited food sales establishment wishing to sell beer, wine, and liquor. The board of adjustment considered Stratford's request at its May 27 meeting. The city's staff recommended the board deny the use variance for the sale of liquor, but allow a CUP for the sale of beer and wine with certain conditions.[4] The Capitol Park Neighborhood Association spoke in favor of Stratford's request for both a use variance and CUP, expressing that its members were looking forward to the owner making improvements at the store. The board received two written comment cards

---

satisfy the local needs which occur so frequently as to require commercial facilities in proximity to residential areas. In addition, low-intensity business and professional offices are permitted.

[3] Des Moines, Iowa, Municipal Code section 134-946 provides:

The C-2 general retail and highway-oriented commercial district is intended to provide for major retail shopping areas, other than shopping centers in C-4 districts, outside the downtown area. This district includes, as well, much of the strip commercial property existing along the major city streets and highways. The uses permitted are intended to accommodate both the general retail consumer and the needs and services of the automobile traveling consumer.

[4] The conditions—recommended by the neighborhood association—included restrictions on hours of operation, as well as requirements for lighting and signage.

from neighbors opposing the variance and one area resident spoke in opposition at the meeting. During their deliberations, the board members noted a history of police calls to this business. Counsel for the business addressed those concerns as follows:

> In reference to the police calls, this is a little rougher area of town. These aren't calls or complaints about the business. Most of these are calls generated by the business about things they see observed in the neighborhood. They are the eyes and ears of this neighborhood.

Counsel told the board Nagra had been working cooperatively with the neighborhood association to spruce up the property and to alleviate business practices that would contribute to litter, loitering, and crime. But counsel also told the board that selling liquor was key to the store's profit margin.

Board chairperson Mel Pins expressed his concern that this convenience store was emblematic of the character of the neighborhood:

> Corner businesses, the neighborhood businesses, lead with the character of what the neighborhood is or isn't or can be. So we've got to find ways to improve the look of our business and our city or we're going to take away the essential characters of our neighborhoods. We aren't going to be compliant with the spirit of the zoning ordinance and we're not going to have a good city.
> Now, how alcohol fits into that, how liquor fits into that, I don't know. So let's talk about it. But we've got to find a way to improve this corner.

The board ultimately voted four to two to approve the CUP for a limited food retail sales establishment "selling beer and wine only subject to the staff recommendations." In its written decision, the board held that Stratford "has not shown the existence of a hardship required for approval of the Use Variance because of the permitted redevelopment and usage options on the premises due to its C-1 zoning; and that sales of alcoholic liquor should be removed in order to

benefit the surrounding neighborhood." The board decided the land in question could yield a reasonable return from the uses permitted.

On July 1, 2015, Stratford filed a petition for writ of certiorari. The petition alleged "[t]here was no evidence to support the finding that Plaintiffs have not demonstrated that an unnecessary hardship exists without the [CUP] for the sale of alcoholic beverages." The petition further alleged the board's decision was "inconsistent with its own prior practices and precedents and was not supported by substantial evidence." In October, the district court found a writ should issue and ordered the city to complete the record of the proceedings. In November, Stratford filed a motion to expand certification of the record and leave to conduct discovery. The motion alleged the board's decision "that a corner-site location is of such importance as to require suspension of liquor sales is arbitrary and capricious" and inconsistent with the board's treatment of other applications by businesses occupying corner locations. The city resisted Stratford's motion, noting the plaintiffs offered no specific examples supporting its claim that the board acted inconsistently with its own practice.

In January 2016, the district court granted Stratford's motion and ordered the city produce for "plaintiffs' inspection and copying, all reports and recommendations of defendant's staff in no more than 25 similar cases, namely, cases occurring in the last three years wherein defendant used the 'undue burden' test in determining whether to grant a 'CUP.'"

In July, Stratford filed a brief in support of its argument that the board's application of the unnecessary-hardship exception was arbitrary and capricious.

The brief cited Iowa Code section 414.12 (2015)[5] and Des Moines Municipal Ordinance section 134-64,[6] both of which provide that a board of adjustment has the power and duty to grant a variance from the terms of an ordinance where literal enforcement would result in an "unnecessary hardship" to the property owner.[7] The brief listed nine instances of the city's alleged inconsistent applications of the unnecessary hardship standard. Stratford asserted: "The board's disparate application of the unnecessary hardship standard to [Stratford's] application is therefore not only, unreasonable, arbitrary, and capricious—it fails to even follow its own precedent."

---

[5] Iowa Code § 414.12(3) provides:
> The board of adjustment shall have the following powers: . . . To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

[6] "The board of adjustment shall have the power and duty to: . . .
> Grant a variance in the regulations of this chapter that will not be contrary to the public interest, where owing to special conditions a literal enforcement of the regulations will result in unnecessary hardship, and so that the spirit of this chapter shall be observed and substantial justice done. To establish unnecessary hardship a property owner must show all of the following elements:
>> a.  The land in question cannot yield a reasonable return from any use permitted by the regulations of the district in which the land is located. Failure to yield a reasonable return may only be shown by proof that the owner has been deprived of all beneficial or productive use of the land in question. It is not sufficient merely to show that the value of the land has been depreciated by the regulations or that a variance would permit the owner to maintain a more profitable use.
>> b.  The plight of the owner is due to unique circumstances not of the owner's own making, which unique circumstances must relate specifically to the land in question and not to general conditions in the neighborhood.
>> c.  The use to be authorized by the variance will not alter the essential character of the locality of the land in question.

[7] "[T]he burden to show unnecessary hardship is on the variance applicant." *Graziano v. Bd. of Adjustment of City of Des Moines*, 323 N.W.2d 233, 237 (Iowa 1982).

The city filed a responsive brief, contending "[b]efore the petitioner can claim that the board is applying its standards arbitrarily, [he] must demonstrate that he met the requirements of the ordinance." The city also contested the similarities with the granted variances listed by Stratford, arguing each application presented "distinctions and differences." In its post-trial brief, Stratford alleged the board's "arbitrary and capricious application" of the unnecessary-hardship standard "is not an isolated incident, but a continuous favoritism of certain applicants and mistreatment of others."

On November 23, 2016, the district court issued its ruling, which affirmed the board's decision to deny the use variance for the sale of liquor. In response to Stratford's motion to enlarge or amend under Iowa Rule of Civil Procedure 1.904(2), the district court clarified it did not consider the board's previous applications of the unnecessary-hardship standard as presented in Stratford's exhibits "in connection with its application of the same standard in this matter." Stratford now appeals.

## II.     Scope and Standards of Review

The parties both assert our review of the district court's decision is for errors at law. *See Nash Finch Co. v. City Council of City of Cedar Rapids*, 672 N.W.2d 822, 825 (Iowa 2003) (citing Iowa Rule of Civil Procedure 1.1401 which provides "[a] writ of certiorari shall only be granted . . . where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded proper jurisdiction or otherwise acted illegally"). "An inferior tribunal commits an illegality if the decision violates a statute, is not supported by substantial evidence, or is unreasonable, arbitrary, or capricious." *Bowman v. City of Des Moines Mun. Hous.*

*Agency*, 805 N.W.2d 790, 796 (Iowa 2011) (citing *Perkins v. Bd. of Supervisors*, 636 N.W.2d 58, 64 (Iowa 2001)).

If we were to reach Stratford's constitutional issue, we would "review de novo the evidence bearing on that claim." *See Iowa Coal Min. Co. v. Monroe Cty*, 494 N.W.2d 664, 668 (Iowa 1993) (citing *Montgomery v. Bremer Cty. Bd. of Supervisors*, 299 N.W.2d 687, 692 (Iowa 1980)).

### III.    Preservation of Error

Although the city's brief does not include an argument on error preservation, we can raise such questions on our own inquiry. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) (holding appellate court may consider error preservation on its own motion). Stratford contends it preserved error by filing its petition for writ of certiorari and the motion to enlarge. Stratford discussed "similarly situated applicants" in those filings, but did not cite any constitutional provision. The district court did not address Stratford's argument as a constitutional issue.

Issues, including constitutional claims, not raised before the district court cannot be raised for the first time on appeal. *See Geisler v. City Council of City of Cedar Falls*, 769 N.W.2d 162, 166 (Iowa 2009). In the district court, Stratford argued the board's decision was "arbitrary and capricious" because the board did not consistently apply the unnecessary-hardship standard. The arbitrary-and-capricious argument did not automatically invoke the equal-protection clause. *See McMahon v. Iowa Dep't of Transp., Motor Vehicle Div.,* 522 N.W.2d 51, 56 (Iowa 1994) (recognizing difference between argument that department's process was arbitrary and capricious and claim it violated equal protection, but reaching

constitutional claim because it was raised in the district court).   Because Stratford did not advance an equal-protection argument in the district court, we will not entertain it here.

### IV.   Analysis of Stratford's Appellate Challenge

Stratford raises a narrow issue in this appeal.   The business does not contend the record lacks substantial evidence to support the board's denial of its application for a use variance to sell liquor under the "unnecessary hardship" standard in Iowa Code section 414.12(3) and Des Moines Municipal Ordinance section 134-64.  Rather, Stratford argues the board applied the standard arbitrarily and capriciously when considered in the context of similarly situated applicants exhibited in other variance cases.

Stratford asserts the district court mistakenly decided "that, because the Board's decision regarding [Stratford's] particular application was supported by substantial evidence and there was no authority binding the Board to its prior decisions, the Board's decision regarding Appellant was not arbitrary and capricious."   Stratford charges that the district court overlooked its central argument—that the board's denial, even if supported by substantial evidence, was arbitrary and capricious because in other recent cases the board granted variances when the applications were not supported by substantial evidence or considered evidence "outside the scope" of Iowa Code section 414.12 and Des Moines Municipal Ordinance section 134-64.  As a remedy, Stratford asks us to remand with directions for the district court to consider whether the board has been inconsistent in its application of the unnecessary-hardship standard.

The city contends the board of adjustment "engaged in no improprieties" in denying Stratford's request for a use variance to sell liquor. The city asserts Stratford must demonstrate it met the requirements for the unnecessary-hardship exception to literal enforcement of the zoning restrictions, before claiming the board is applying the standard arbitrarily. In the alternative, the city highlights differentiating facts in each of the allegedly "similarly situated applicants" included in Stratford's exhibits offered before the district court.

In examining Stratford's appeal, we keep in mind the anchoring principle that "[a] board of adjustment's decision enjoys a strong presumption of validity." *See Ackman v. Bd. of Adjustment for Black Hawk Cty.,* 596 N.W.2d 96, 106 (Iowa 1999). Stratford seeks to overcome that presumption by casting light on the board's conduct—not solely in the instant case—but in processing applications for use variances or CUPs in other Des Moines neighborhoods. Stratford contends the board acted illegally because its inconsistent treatment of other applications renders its decision arbitrary and capricious in this case.

The words "'arbitrary' and 'capricious' are 'practically synonymous;' both mean" a deliberative body reaches its decision "without regard to law or the facts of the case" before it. *See Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 432 N.W.2d 148, 154 (Iowa 1988). The terms also describe an action taken "without regard to established rules or standards." *See Churchill Truck Lines, Inc. v. Transp. Regulation Bd. of Iowa Dep't of Transp.*, 274 N.W.2d 295, 299 (Iowa 1979) (citing *Paul v. Bd. of Zoning Appeals of City of New Haven*, 110 A.2d 619, 621 (Con. 1955) (defining "arbitrary' as "depending on will or discretion" and "that is, not governed by any fixed rules or standards")).

The district court decided the board's action in Stratford's case followed the standards established by local ordinance and state law: "Nothing in the record demonstrates the Board arbitrarily applied the unnecessary hardship standard to Petitioners." In so deciding, the court declined to delve into the board's application of the unnecessary hardship standard in unrelated cases. The district court noted Stratford did "not present any authority for the contention that the Board is bound by its application of the unnecessary hardship standard in previous decisions."

Similarly, on appeal, Stratford cites no precedent for the notion that the board's denial of a variance, which is based on substantial evidence and complies with the city's zoning ordinances, is illegal because the board was arguably more liberal in applying the unnecessary-hardship exception to other applications. Stratford focuses on the "reasonable return" language in section 134-64(2)(a), particularly the requirement that "[f]ailure to yield a reasonable return may only be shown by proof that the owner has been deprived of all beneficial or productive use of the land in question."[8] Stratford claims that in other cases the board has allowed a variance where without the ability to sell alcohol the business would "not be successful"—which Stratford interprets as a more generous measure than deprivation of all beneficial or productive use of the land. The city points out that in this case, the board members found Shop N Save remained a viable business

---

[8] Stratford is not challenging the constitutionality of the ordinance language, which appears to be borrowed from regulatory-taking cases. *See Lucas v. S.C. Coastal* Council, 505 U.S. 1003, 1015 (1992).

without the sale of the liquor, so accordingly, Stratford has not carried is burden to show an unnecessary hardship.[9]

Despite Stratford's arguments concerning the board's inconsistent applications of the unnecessary-hardship standard, we find no error in the district court's approach in this certiorari action. The district court did not have the opportunity to consider the equal protection claim that Stratford raises for the first time on appeal. Without supporting authority, we decline to remand for a comparison of the board's action here to the outcome in unrelated zoning cases.

**AFFIRMED.**

---

[9] The city relies on the "reasonable return" discussion in *Graziano*, 323 N.W.2d at 237 ("[T]he legal standard is not that more profit could be made if a variance is granted. The standard is that a reasonable return could not be garnered from a permitted use.").