# IN THE COURT OF APPEALS OF IOWA

No. 19-1672
Filed July 22, 2020

MARY SUE EARLEY and BANKERS TRUST COMPANY AS TRUSTEES OF THE MARY SUE EARLEY REVOCABLE TRUST DATED SEPTEMBER 26, 1994,
　　　　Plaintiffs-Appellants,

vs.

BOARD OF ADJUSTMENT OF CERRO GORDO COUNTY, IOWA,
　　　　Defendant-Appellee,

and

GREGORY A. SAUL and LEA ANN SAUL,
　　　　Intervenors-Appellees.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

　　　　Plaintiffs appeal the district court decision annulling a writ of certiorari challenging the Board of Adjustment's grant of an area variance to the intervenors. **AFFIRMED.**

　　　　Scott D. Brown of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellants.

　　　　Randall E. Nielsen of Pappajohn, Shriver, Eide & Nielsen, P.C., Mason City, for appellee Board of Adjustments of Cerro Gordo County, Iowa.

Mark S. Rolinger and Adam J. Babinat of Redfern, Mason, Larsen & Moore, P.L.C., Cedar Falls, for appellees Gregory A. Saul and Lea Ann Saul.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

The plaintiff appeals the district court decision annulling a writ of certiorari challenging the Board of Adjustment's grant of an area variance to the intervenors. We find no error in the district court's conclusions. The court reviewed the evidence using the correct standard of review and properly applied the law. The plaintiff has not shown the Board acted illegally. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

Gregory and Lea Ann Saul own property in Clear Lake, which is in Cerro Gordo County. Although local ordinances require a six-foot side yard setback,[1] on the west side of the Sauls' property a patio came within twenty-one inches of the lot line. There were short walls enclosing the patio. The property owner to the west was the Mary Sue Earley Revocable Trust Dated September 25, 1994 (Earley). There is a wood fence on the east side of the Earley property, separating the two properties.

The Sauls had a pergola, or canopy roof, built over the patio in order to give shade to the area. The pergola did not extend further than the preexisting patio. On November 8, 2018, the Cerro Gordo County Planning and Zoning Administrator (Administrator) informed the Sauls they may be in violation of a county zoning ordinance because they had not obtained a permit prior to building the pergola.

---

[1] The ordinance provides for yard setbacks, "[e]ach side yard width, six (6) feet or (10) percent of the lot width, whichever is greater, up to a twelve (12) foot maximum." Cerro Gordo County, Iowa, Code of Ordinances No. 15, § 11.6(B) (2012). Under the ordinance, the setback in this case would be six feet.

The Sauls then filed a zoning permit application. The Administrator denied the permit because the pergola was too close to the west side lot line.

The Sauls appealed the Administrator's decision to the Cerro Gordo County Zoning Board of Adjustment (Board). They sought a variance, claiming "there are unusual conditions or circumstances which cause a hardship when provisions of Zoning are strictly applied." They asserted that due to the preexisting patio, there was no other place to put the posts to hold up the pergola. They added the pergola was already built and they did not want to tear it down. The Sauls stated, "The structure is in the same footprint as the deck that was already in place. This pergola will not change the spirit of the neighborhood or infringe on any neighboring property rights, use, or enjoyment of their land."

The Board scheduled a public hearing on January 22, 2019. Prior to the hearing, the Administrator informed the Board,

> The pergola extends from the house to near the shared side property line to the west. While the pergola is closer than is usually permitted or granted by the Board on side yard setbacks (3 feet), the neighboring house has a significant separation from the structure. As a result, I have no safety concerns.

(Reference to record omitted.) At the hearing, the Administrator stated he had not heard any complaints from the neighbors. No one appeared to contest the Sauls' request for a variance. The Board received evidence from the contractor that the patio and the posts for the pergola were in place before he built the pergola. The Board approved the variance.

On February 19, Earley filed a petition for writ of certiorari, claiming the Board's approval of the variance was improper and illegal. The Sauls filed a motion to intervene, which was granted by the district court. The district court annulled

the writ. The court concluded, "[T]he Board's grant of the variance was not a product of illogical reasoning, an unreasonable decision, or an abuse of its discretion." Earley appeals the district court's decision.

## II.      Standard of Review

The Iowa Supreme Court has set out the standard of review of a district court's ruling on a writ of certiorari challenging the decision of a board of adjustment:

> We "review an original certiorari action for the correction of errors at law." A party may present a certiorari action "when authorized by a statute or when an 'inferior tribunal, board, or officer' exceeded its jurisdiction or otherwise acted illegally in executing judicial functions." "An inferior tribunal commits an illegality if the decision violates a statute, is not supported by substantial evidence, or is unreasonable, arbitrary, or capricious." "Evidence is considered substantial when reasonable minds could accept it as adequate to reach a conclusion." We are bound by the findings in the record if there is substantial evidence to support the inferior tribunal's decision.

*Ames 2304, LLC v. City of Ames, Zoning Bd. of Adjustment*, 924 N.W.2d 863, 867 (Iowa 2019) (citations omitted).

## III.      Zoning Variance

Earley claims the Board acted illegally by granting the zoning variance because the Board's decision was not supported by substantial evidence and was arbitrary and capricious. Earley asserts the Sauls did not show they would be denied a reasonable rate of return if the variance was not granted or that there were unique circumstances justifying a variance. Earley has the burden to show the Board's order granting the variance was illegal. *See Board of Adjustment v. Ruble*, 193 N.W.2d 497, 503 (Iowa 1972).

Under Iowa Code section 414.12(3) (2019), a board of adjustment may grant a zoning variance if it would "not be contrary to the public interest" and "where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." The Cerro Gordo County Ordinances provide the Board with the authority to grant variances using identical language. Cerro Gordo County, Iowa, Code of Ordinances No. 15, § 24.4(3). "[T]he power to grant variances should be used sparingly." *Graziano v. Bd. of Adjustment*, 323 N.W.2d 233, 237 (Iowa 1982).

The Sauls were seeking an area variance. "An area variance does not involve a use prohibited by an ordinance, but concerns a deviation from specific requirements such as height limitations, setback lines, size regulations, and the like." *City of Johnston v. Christenson*, 718 N.W.2d 290, 299 n.4 (Iowa 2006). Generally, a less onerous burden is required to justify an area variance than a use variance, as "[a] use variance permits a use of land for purposes other than those prescribed by the zoning ordinance, and is based on the standard of unnecessary hardship." *Id.* A less rigorous justification is needed for an area variance because "it does not impose an incompatible use on adjacent land or disrupt the character of a neighborhood with a different use." *Id.*

For an area variance, like a use variance, an applicant must show unnecessary hardship if the request for a variance is not granted. *Graziano*, 323 N.W.2d at 236; *see also Ruble*, 193 N.W.2d at 505 (discussing *Deardorf v. Board of Adjustment*, 118 N.W.2d 78, 81–82 (Iowa 1962)). In order to establish unnecessary hardship, an applicant must show:

> (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood, which may reflect the unreasonableness of the zoning ordinance itself; and (3) the use to be authorized by the variance will not alter the essential character of the locality.

*Graziano*, 323 N.W.2d at 236; *see also* Cerro Gordo County, Iowa, Code of Ordinances No. 15, § 4.4(3). If an applicant does not establish any one of the elements, the application for a variance should be denied. *Greenawalt v. Zoning Bd. of Adjustment*, 345 N.W.2d 537, 542 (Iowa 1984).

The district court found there was a close issue on the first element, "the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone." *See Graziano*, 323 N.W.2d at 236. For residential property that is not used for profit, we may consider whether denial of the variance would result in "the infringement of peaceful enjoyment" of the property such that it is "equal to a denial of all beneficial use." *Greenawalt*, 345 N.W.2d at 543.

The district court determined there was substantial evidence to support a finding by the Board that "the Sauls could not fully utilize their side yard area, which would diminish the value of the property." "Evidence is substantial 'when a reasonable mind could accept it as adequate to reach the same findings.'" *Petersen v. Harrison Cty. Bd. of Sup'rs*, 580 N.W.2d 790, 793 (Iowa 1998). "If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board." *Id.*

Members of the Board pointed out there was not room to walk between the preexisting patio and the fence on the edge of Earley's property before the pergola

was built.  The pergola did not change this situation, but it allowed the Sauls to fully use the patio.  We find the district court did not err in concluding the Board's decision was supported by substantial evidence.  As noted above, an area variance "traditionally justifies a slightly lesser showing than required to justify a 'use variance.'"  *City of Johnston*, 718 N.W.2d at 299 n.4.

The second element requires a showing "the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood." *Graziano*, 323 N.W.2d at 236.  There are unique circumstances in this case because the patio was already built before issues arose concerning the pergola. No evidence was presented at the hearing concerning when the patio was built, and Earley has not raised a complaint about the patio.  Furthermore, although the Sauls' pergola is close to the side-yard lot line, Earley's residence "has a significant separation from the structure," according to the Administrator.  We conclude there is substantial evidence in the record to show the Sauls' request for a zoning variance is based upon unique circumstances.

Earley did not dispute the third element, that "the use to be authorized by the variance will not alter the essential character of the locality."  *Id.*  Because the patio was already present, the pergola over the patio did not create a change to the character of the neighborhood.  At the Board meeting, one Board member commented the pergola "looks very nice by the way," and another said, "It is very nice."  We find there is substantial evidence in the record on this issue.

Considering the evidence as a whole, the district court found:

While differing and inconsistent conclusions can be drawn from the evidence presented to the Board of Adjustment, it does not appear from the record that the Board ignored any of the evidence when

drawing their conclusion. Rather, the opposite inference is apparent from the record. The Board considered evidence of the existing structure, the lack of apparent zoning permits for the existing patio, the additional setback between the properties, and each parties' arguments in relation to the current Iowa law and testimony given at the public hearing. Further, Iowa law does not require the Board to account for every fact they accepted or rejected in the record. Therefore, there was substantial evidence that permitted the Board to attribute stronger credibility to some arguments and not others. The Board could have concluded, based upon the evidence, that the Sauls established their burden of proof for undue hardship requiring a variance.

We find no error in the district court's conclusions. The court reviewed the evidence using the correct standard of review and properly applied the law. Earley has not shown the Board acted illegally. We affirm the decision of the district court.

**AFFIRMED.**